## BRIGGS v. BRIGGS ET AL.

1. **Homestead:** ESTATE OF DECEDENT: LIEN OF JUDGMENT. A judgment recovered against the wife, after her homestead rights have accrued, is not a lien upon the distributive share in the estate of her husband which she elects to have set apart to her, in lieu of the homestead, after the death of her husband.

*Appeal from Johnson Circuit Court.*

SATURDAY, DECEMBER 16.

ON the 29th day of October, 1875, the plaintiff filed her petition, alleging, in substance, that in 1854 she became the wife of Henry C. Douglass, who, in the year 1858, became the owner of a certain eighty acres of real estate, which he and his family, until his death, in 1863, occupied as a homestead, but such homestead was never platted and recorded; that the defendants, Anna L. and Joseph W. Douglass, are children of plaintiff and Henry C. Douglass; that since the death of her

husband, plaintiff, except for one year of temporary absence, has resided on and occupied said property as a home; that, in February, 1871, plaintiff became the wife of Albert C. Briggs, and with him and the children of her former marriage has occupied said land as her homestead, subject to the rights of said children; that her second husband has made improvements on the dwelling house of the value of two hundred dollars; that about the 11th of December, 1874, the Singer Manufacturing Company recovered a judgment against plaintiff for the sum of $91.38 and costs; that execution issued and a levy was made on the interest of plaintiff in said lands, and the sheriff is about to sell said interest; that the indebtedness on which said judgment was rendered was contracted since her homestead rights in said property accrued.

Plaintiff asks that the one-third part in value of said premises and the improvement of $200 thereon, made by her second husband, be set apart to her in fee simple; that one-third part in value be set apart to each of the children of Henry C. Douglass; that the part set apart to her be decreed to be exempt from the lien of the judgment aforesaid, and that the Singer Manufacturing Company be enjoined from selling the property set apart to her, or her interest in any of the premises described.

The demurrer of the Singer Manufacturing Company to this petition was sustained.

The children of Henry C. Douglass, who are minors, answered by their guardian *ad litem.*

Such further proceedings were had that the court set off to plaintiff the south 26⅔ acres of the 80 acres described in the petition, with the dwelling house thereon; to Anna L. Douglass, 27⅔ acres; and to J. W. Douglass, 25⅔ acres. The court further decreed that the lien of the Singer Manufacturing Company be a lien on the share of plaintiff. Plaintiff appeals.

*Fairall & Bonorden,* for appellant.

*Ira J. Alder* and *Edmonds & Younkin,* for appellees.

Briggs v. Briggs.

*DAY, J.—The only question involved in the record is whether the interest set apart in fee, to the plaintiff, is liable 1. HOME-STEAD: estate of decedent: lien of judgment. to the judgment which the Singer Manufacturing Company recovered against her. The plaintiff's husband died seized of eighty acres of land. It does not appear that the value of the property was such that more than forty acres of it could be held as a homestead. Upon the death of her husband, the plaintiff acquired the right to possess and occupy the whole homestead. Code, § 2007. She also had the right, at her option, to have the one-third part in value of all the eighty set apart to her as her property in fee simple. Code, § 2440. Such share must be so set off as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her. Code, § 2441. But it was incumbent upon the plaintiff to make election between possessing and occupying the whole forty acres as a homestead, and owning the one-third part in value of the eighty acres in fee. She could not, at the same time, have the forty as a homestead and her distributive share in the eighty, including the homestead. *Meyer v. Meyer*, 23 Iowa, 359; *Butterfield v. Wicks*, 44 Id., 310.

She elected to have her distributive share set apart in fee, including the dwelling house before used as a homestead. The distributive share was less in extent and less in value than the original homestead. The question is, does this distributive share, carved out of the original homestead, become liable for a debt for which the homestead was not liable? In order to determine this question we must consider what changes as to the property were effected by the election of the wife to have her interest set apart in fee. Before that, she had the right to possess and occupy, and enjoy the rents and profits of, forty acres. After that, her estate was extended as to duration, but was circumscribed as to territorial extent. She acquired a right in fee, but it was limited in extent to 26⅔ acres. The 26⅔ acres, however, continued to be her homestead, and will so continue as long as she occupies it as such with her family. She has

simply enlarged her tenure as to the homestead, and diminished its territorial extent. The Singer Manufacturing Company have in no way been prejudiced by this act. She had a right to possess the entire forty acres, during her life, as a homestead. If she had done so, she could not have had any portion of the eighty acres set off to her in fee, because she would have been in possession of more than one-third of its value. If, then, she had continued to occupy the forty as a homestead, she would have had no interest in the eighty which could have been subjected to the judgment of the Manufacturing Company. They are placed in no worse condition than they were in before, if their right to this lien is denied. And we are of opinion that, as the dwelling house and the $26\frac{2}{8}$ acres, set apart to plaintiff, have never been divested of their homestead character, no good reason can be given for permitting the judgment in question to become a lien upon them.

It is claimed, however, that the record does not show but that this debt was contracted before the homestead was acquired; and that, if so contracted, the judgment would be a lien upon the homestead, though rendered after the acquisition thereof. But it is apparent that the decision of the court below was not based upon this ground. The petition alleges that the indebtedness, on which the judgment was rendered, was contracted since the plaintiff's homestead rights in the property accrued. The Singer Manufacturing Company demurred to the petition, and the demurrer was sustained. The plaintiff refused to amend, and stood upon her petition, and judgment was thereupon rendered against plaintiff, in favor of the party demurring.

The plaintiff's petition being thus held insufficient, as to the Manufacturing Company, plaintiff had no opportunity to introduce proof as to the time of contracting the indebtedness.

The cause will be remanded, with leave to the Manufacturing Company to put in issue this allegation of the petition, if so advised.

REVERSED.