## NYE v. WALLIKER.

1. **Homestead:** LIEN OF JUDGMENT. A judgment recovered against the wife, after the death of the husband, is not a lien upon the homestead, which was occupied as such both before and after his death.

2. ———: ———: FAILURE TO PLAT. A failure to plat or have recorded the premises occupied as a homestead will not render them liable for debts incurred by the wife after the death of her husband.

*Appeal from Clinton Circuit Court.*

FRIDAY, JUNE 15.

THE petition states that plaintiff is the widow of Orville K. Nye, who died in 1868, owning the S. E. ¼ of Sec. 19, T. 82 N., 4 east; that previous to his death and for about five

years the homestead of said Orville was on said premises, and that plaintiff has continued to live thereon and occupy the same as her homestead; that the house so occupied as a home is situate on the N. E. ¼ of said S. E. ¼, and that the same, in April, 1873, was duly and properly set apart as her dower in the real estate of which her husband died seized; that in 1872 she contracted certain debts on which judgments have been rendered, and that, by virtue of certain executions issued thereon, the defendant is about to sell said homestead. An injunction was asked.

The answer denies that said premises constituted the homestead of said Orville or the plaintiff, and that the same was exempt from judicial sale on the judgments referred to in the petition. It was also claimed that neither said Orville or the plaintiff had ever selected a homestead.

The Circuit Court found for the plaintiff, and perpetually enjoined the sale of the premises. The defendant appeals.

*Kirke W. Wheeler*, for appellant.

*Merrell & Howat*, for appellee.

Seevers, J.—It is established by the evidence: *First.* That the plaintiff is the widow of Orville K. Nye, who, for some time previous to his death in 1868, owned the land described in the petition. *Second.* That he occupied as his home for about five years a house on the N. E. ¼ of the S. E. ¼ of Sec. 19, T. 82, R. 4, and that plaintiff continued to occupy said house as her home after his death. *Third.* While so occupying it she, in 1872, contracted certain debts. *Fourth.* That afterward said N. E. ¼ of S. E. ¼ was set apart as her dower in the real estate of her deceased husband. *Fifth.* That neither the plaintiff nor her husband formally selected said premises as their homestead.

Under these circumstances it is insisted that the premises 1. HOMESTEAD: claimed as a homestead are liable for the pay-lien of judgment. ment of said debts. But we have held otherwise in *Briggs v. Briggs*, 45 Iowa, 318.

Having held that plaintiff is entitled to a homestead against

the execution plaintiffs, it becomes immaterial whether the plaintiff or her husband selected, platted or had the same recorded. A failure in this respect does not make the homestead liable. Code, Sec. 1998.

**2. ——: ——:**
failure to
plat.

AFFIRMED.