## Knox v. Hanlon.

1. **Practice:** FINDING OF COURT. The finding of a court stands as the verdict of a jury, and will not be disturbed unless clearly unsupported by the testimony.

2. **Homestead:** HUSBAND AND WIFE: EXEMPTION. Where, upon the death of the husband, the homestead is set apart to the wife as her distributive share of the estate in fee simple, it is exempt from debts contracted prior to that time.

3. ——: FUNERAL EXPENSES. Bills incurred in the last sickness, and funeral expenses, do not constitute charges upon the homestead.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 19.

THE plaintiff, the grandson of Catherine Hanlon, claims that by inheritance from Catherine Hanlon, and purchase from another of her heirs, he is the owner of an undivided four twenty-first parts of a certain forty acres of land of which the said Catherine Hanlon died seized. The plaintiff makes the other heirs of Catherine Hanlon parties defendant, and asks partition of the real estate described. The defendant, A. F. Hanlon, alone answered. He admits that Catherine Hanlon

died seized of the real estate in question, and that she left the persons named in the petition as her heirs. He alleges that the estate of Catherine Hanlon is indebted to a larger amount than the property belonging to the estate is worth, said indebtedness being the charges and expense of the last sickness and funeral of said Catherine Hanlon, and that the said debts will more than exhaust the whole of said real estate, so that when they are paid there will be nothing left to divide. He asks that plaintiff's petition be dismissed. The plaintiff replied, admitting that the estate of Catherine Hanlon, deceased, is indebted to a larger amount than the property belonging to said estate, including the real estate described in the petition, is worth, and that said debts will more than exhaust the whole of said real estate, but alleging that the real estate described in the petition was, at the time of the death of Catherine Hanlon, and for a long time prior thereto had been, and was at the time said debts were contracted, her homestead, and that said real estate is not liable for said debts, but becomes the property of plaintiff and defendants in the manner and proportion as set forth in plaintiff's petition. The court granted partition of the property as prayed. The defendant, A. F. Hanlon, appeals.

*Maxwell, Lee & Witter,* for appellant.

*McHenry & Bowen,* for appellee.

DAY, J.—In October, 1873, John Hanlon died seized of one hundred and sixty acres of land, forty acres of which, the land which is the subject of this controversy, the said John Hanlon, for a long time prior to his death, with his wife, Catherine Hanlon, had occupied as a homestead. Catherine Hanlon, for about two years after her husband's death, continued to occupy the old homestead, with one of her granddaughters. Being very aged and helpless, and requiring much care and attention, she then went to live with her son, A. F. Hanlon, appellant. She took part of her household furniture, and left

part at the old home. In about two months A. F. Hanlon sold his farm, and rented the old home farm of his mother and the heirs. He moved upon this with his mother, in October, 1875. In September, 1875, the widow and heirs of John Hanlon petitioned for partition of the one hundred and sixty acres of land of which he died seized. On the 27th of November, 1875, the court set apart to Catherine Hanlon, as her distributive share, in fee simple, the forty acres in controversy, being the same occupied as a homestead by John Hanlon before his death. The defendant, A. F. Hanlon, has an account against Catherine Hanlon's estate for taking care of her, for medicines, doctors' bills, funeral expenses, etc., amounting in all to two thousand and forty-two dollars and sixty-seven cents. Payments have been made on this account reducing it to eight hundred and fifty-eight dollars and sixty-seven cents. This amount has been allowed by the administrator of Catherine Hanlon's estate, and the defendant claims he is entitled to have it paid out of the property of which partition is sought.

I. At the death of John Hanlon, the homestead which he occupied at the time of his death became the homestead of Catherine Hanlon, his widow. Code, §§ 1989 and 2007. Section 2008 provides that if there be no survivor the homestead descends to the issue of either husband or wife, according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own. It is claimed that Catherine Hanlon abandoned her homestead when she went to live with the defendant, her son, and thus rendered it liable for his debts. In finding the homestead not thus liable, and decreeing partition, the court must have found that there was no abandonment of the homestead. No motion was made for a trial of the cause upon written evidence, as provided in section 2742 of the Code. The case is not, therefore, as we have repeatedly held, triable *de novo* in this court. The finding of the court below, upon a question of fact, stands

1. PRACTICE: finding of court.

as the verdict of a jury, and is not to be disturbed, unless clearly unsupported by the testimony. The finding is not so without support in the evidence as to warrant our setting it aside.

II.  It is further claimed that, when Catherine Hanlon procured her distributive share in her husband's estate to be assigned to her in fee, she thereby waived her prior homestead rights; that the defendant's claim arose before the time, and that the property in question became liable for it. The property in question was set off to Catherine Hanlon, in fee, on the 27th day of November, 1875. It appears affirmatively that most of defendant's claim arose since that time, and does not affirmatively appear that any of it arose before. As the defendant is asserting the liability of this property for his claim, if that liability depends upon the fact that the debt to him was contracted before this property was set apart to the widow in fee, the burden of proof is upon him to establish this fact.

III.  But even if it should be conceded that the whole of the debt to defendant was contracted prior to the setting apart of this property to Catherine Hanlon, as her distributive share, it did not, upon being so set apart, become liable for this debt. The property in question was the homestead of Catherine Hanlon and her husband. Upon the death of her husband the homestead became hers. The same property that constituted the homestead was afterward set apart to her as her distributive share, in fee simple. In *Briggs v. Briggs*, 45 Iowa, 318, we held that where a wife had her distributive share in her husband's estate assigned to her in fee, including a part of the homestead, it did not become liable for a judgment existing against her at the time. That case is decisive of this question.

2. HOMESTEAD: husband and wife: exemption.

IV.  It is claimed that the homestead of Catherine Hanlon is not exempt from liability for the charges and expenses of her last sickness and of her funeral. It is claimed that

3. ——: these do not constitute debts, in the ordinary accep-
funeral
expenses. tation of the term, but that they are charges entitled
to preference, and may be discharged out of the homestead.
In support of this view, appellant refers to sections 2418 and
2420 of the Code. We think there is no warrant in the law
for this construction. The general policy of the law is to exempt
the homestead. Exemption is the rule; liability the exception.
Where the owners of the homestead have not themselves volun-
tarily encumbered it, the only provision of the law for the sale
of the homstead on execution is for debts contracted prior to
the purchase of the homestead. The exemption of the home-
stead in this case may apparently work a hardship. But the
rules of law must be general, and applicable alike to all cases.
If the children of Catherine Hanlon, instead of being adults,
and capable of caring for themselves, were of very tender
years, dependent upon this property for shelter and mainte-
nance, the humanity of declaring it exempt from the claim
now made would be very apparent, and the equity very con-
trolling. The judgment is

AFFIRMED.