C. S. HORNBECK v. BROWN & NICHOLS *et al.*, Appellants.

Homestead: Survivor's Exemption: ABANDONMENT. Where a surviving husband neither occupies, nor intends to occupy, his deceased wife's homestead, his undivided distributive share therein is subject to sale for his debts, although the only son and heir of the deceased has allowed the husband to control the homestead for his own benefit. See Code, 2007, 2008. *Burdick v. Kent,* 52 Iowa, 585, 3 N. W. Rep. 643; *Bradshaw v. Hurst,* 57 Iowa, 748, 11 N. W. Rep. 672; *Darrah v. Cunningham,* 72 Iowa, 125, 33 N. W. Rep. 445; *McDonald v. McDonald,* 76 Iowa, 137, 40 N. W. Rep. 126, *distinguished.*

*Appeal from Hardin District Court.*—HON. S. M.
WEAVER, Judge.

TUESDAY, MAY 22, 1894.

ACTION in equity to enjoin the sale of real estate.
An answer to the petition was filed, a demurrer thereto
was sustained, and, the defendants refusing to plead
further, a decree was rendered in favor of the plaintiff.
The defendants appeal.—*Reversed.*

*F. M. Williams* for appellants.

*Thomas H. Milner* for appellee.

ROBINSON, J.—The petition alleges that the wife of
plaintiff died in December, 1889, seized in fee simple of
a homestead of two lots in the town of Iowa Falls; that
the homestead was acquired about the year 1877, and
was continuously occupied as a homestead by the de-
cedent from the time it was acquired until her death;
that the defendants Brown & Nichols are copartners
under that name; that in May, 1891, they recovered a
judgment in the district court of Hardin county against
the plaintiff for the sum of two hundred dollars and
costs; that the debt upon which the judgment was ren-
dered was not contracted until about the year 1882;
that the plaintiff has an interest in the homestead as
surviving husband of the decedent; that said creditors
have caused an execution to be issued and levied upon
the plaintiff's undivided one third of the homestead;
that the part levied upon has been advertised for sale, and
will be sold by the defendant Meador as sheriff, unless
he is restrained from so doing; that the plaintiff has
never had his distributive share set apart to him, and
the property levied upon is not subject to sale under
the execution.   An amendment to the petition alleges
that decedent left surviving her a son, who was a minor

at the time of her death, but who has since attained his majority, and is the sole surviving heir of his mother; that the son has not lived on the premises, but that since the death of his mother they have been occupied by tenants of the plaintiff. The plaintiff asks that the defendants be restrained from selling the premises or any interest of plaintiff therein, that the judgment be declared to be not a lien thereon, and for general equitable relief. The answer alleges that, two or three years before the death of his wife, the plaintiff abandoned her, and went to Minnesota, where he has since resided; that upon her death he immediately mortgaged his interest in the property, and commenced an action, which is still pending, to have his share set apart in fee simple; that he has not occupied the property since the death of his wife, but has abandoned it, and the defendants have caused his undivided interest therein to be sold by virtue of their execution; that, after this action was commenced, the plaintiff sold the property at private sale, and the purchaser has been garnished for a portion of the judgment, which is unsatisfied; that defendants have caused their claim to be allowed against the estate of decedent, but nothing has been paid thereon, and there are no funds in the hands of the administrator with which to pay it. The defendants ask that the sale made be approved, and for general equitable relief. A demurrer to the answer was sustained. Before the decree was rendered, leave was given to the plaintiff to supply a supplemental petition, which he did. It was alleged therein that, since the sustaining of the demurrer, the defendants Brown & Nichols had assigned their sheriff's certificate of purchase to Fred S. Brown, one of the members of the firm, and that Brown had procured of the sheriff a deed which purported to convey an undivided one third of the premises, and had been recorded. The plaintiff asked that the deed be decreed to be void, that it be set

aside, and for general equitable relief. A motion to strike the supplemental petition was overruled, and, the defendant refusing to plead further, a hearing was had, and a decree rendered, which set aside the sheriff's sale and deed, and enjoined the sheriff and his successors in office from executing a deed for the premises, or any interest therein.

I. "Where there is no special declaration to the contrary, the homestead of every family, whether owned by the husband or wife, is exempt from judicial sale." Code, section 1988. Section 2007 provides that "upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law." Section 2008 contains the following: "The setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section. But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased."

It was said in *Burdick v. Kent*, 52 Iowa, 585, 3 N. W. Rep. 643, that the meaning and intent of the statute is that, when the distributive share is set off, the homestead right becomes extinct; but the mere election to have such share set off is not sufficient to extinguish the homestead right; nor will proceedings instituted for that purpose, however far they may have progressed, short of a final order setting off the distributive share, have that effect. In *Bradshaw v. Hurst*, 57 Iowa, 748, 11 N. W. Rep. 672, it was said that "upon the death of either the husband or the wife there can not thereafter be any abandonment of the homestead by the survivor if the title was in the deceased, except by a setting off of the distributive share of such survivor in the real estate of the deceased." That language was quoted with approval in *Darrah v.*

*Cunningham*, 72 Iowa, 125, 33 N. W. Rep. 445. In each of the cases cited, the survivor had died, and a controversy had arisen in regard to the interest which had been acquired by the survivor in the estate of the spouse who had first died. In two of the cases, the survivor had remained in actual occupation of the homestead until death, and in the other—the case of *Bradshaw v. Hurst*—the husband and wife had removed from the state, but with the intention of returning, and it was found that an abandonment of the homestead right by the survivor was not shown. In *McDonald v. McDonald*, 76 Iowa, 137, 40 N. W. Rep. 126, it was said that the logical deduction to be drawn from the decisions of this court is that, when the survivor continues to occupy and enjoy the homestead, it should be regarded as an election to take the homestead in lieu of a distributive share, so long as the occupant does not have a distributive share set apart.

But this case differs from the cases referred to, and others in which the interest taken by the survivor has been considered, in that the survivor in this case is still living, is a nonresident of the state, has abandoned the homestead as a place of residence for himself, and is not shown to have any intention of returning to it. His claim appears to be that he may hold the premises without making them a place of residence, so long as his distributive share in the estate of his deceased wife is not set off to him, and that, until that time, there can be no abandonment of it by him, and no part of it can be sold under judicial process for the payment of his debts. If his theory is correct, he may continue to reside in the state of Minnesota, and acquire and hold a homestead there, at the same time retaining the premises in question, and enjoying the benefits conferred by the homestead laws of this state. Section 2007 of the Code is identical with section 2295 of the revision of 1860. Section

2296 of the revision was as follows: "If there is no such survivor, the homestead descends to the issue of either husband or wife, according to the general rules of descent unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own." The commissioners appointed under the provisions of chapter 75 of the Acts of the Thirteenth General Assembly to revise the statutes of the state recommend the adoption of a section to follow section 2295 of the revision, in words as follows: "The setting off of dower in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section. But the survivor may elect to retain the homestead for life in lieu of all dower in the real estate of the deceased." In support of their recommendation, the commissioners said: "This amendment is intended to set at rest a question not conclusively determined by *Nicholas v. Purczell,* 21 Iowa, 266; *Meyer v. Meyer,* 23 Iowa, 359; *Dodds v. Dodds,* 26 Iowa, 311; *Burns v. Keas,* 21 Iowa, 258, and other cases on the subject. The doctrine of *Meyer v. Meyer,* that dower and homestead are in their nature incompatible, seems to us to be the true one." Commissioners' Report, p. 64. An examination of the cases cited shows that, so far as they are applicable to the question the amendment was designed to settle, they related to the right of the survivor to possess and occupy the homestead, and the method of terminating that right. The amendment was intended to determine what should be a disposal of the homestead which would terminate such right, and to give to the survivor the power to prevent such disposal by electing to retain the homestead in lieu of other interest in the estate of the decedent. The recommendation of the commissioners was adopted, and the proposed amendment was in substance incorporated in section 2008 of the Code.

It gave to the survivor the right to possess and occupy the homestead without partition, and without interference by the heirs or devisees of the deceased spouse, so long as it should be used for the purpose of a homestead.  The survivor was given the right to the shelter and privileges of a home, so long as the premises should be used for a home, and is permitted to retain the homestead as a homestead for home-stead purposes, only.  When it is abandoned for such purposes, the homestead exemption is at an end.  The facts admitted by the pleadings show clearly that the plaintiff has no intention to occupy the premises in controversy for a home, but, on the contrary, that he has abandoned his homestead right, and has attempted to sell his interest in the premises.  That the only heir of his deceased wife has permitted him to control them for his own benefit is not material, as his rights are fixed by the law.  We conclude that the interest of plaintiff in the premises appears to be subject to sale to satisfy the judgment in question, and that the district court erred in sustaining the demurrer and in granting to the plaintiff any relief.  The cause is remanded to the district court for further proceedings in harmony with this opinion.  REVERSED.