Benjamin & Askwith v. Anna Doerscher, Appellant.

**Homesteads:** insurance: *Garnishment.* The proceeds of an insurance policy on a homestead are not exempt from garnishment in case of a widow who had elected to take her distributive share instead of her homestead right, under the statute.

Devestment. The taking by a widow of her distributive share in her husband's estate devests the homestead right under Code, 1873, sections 2007, 2003.

Liability for debts of widow. Where a widow devests her homestead right by taking her distributive share in her husband's estate, it subjects such homestead to her debts contracted before that time.

*Appeal from Pottawattamie District Court.*—Hon. N. W. Macy, Judge.

Friday, May 13, 1898.

Reimer Doerscher died about October 17, 1892, leaving as his widow the defendant, Anna Doerscher. Before and at the time of his death Reimer Doerscher owned certain premises, which he and his wife occupied as their homestead; and his wife occupied the same thereafter, by herself, or by others in her stead, until the house was destroyed by fire. On the fifth day of August, 1887, the plaintiff obtained a judgment against Anna Doerscher in the sum of seventy-nine dollars and thirty-four cents and costs, and a transcript thereof was filed in the office of the clerk of the district court. On the twenty-second day of June, 1893, the dwelling house on the homestead premises was burned; and H. Mendel, who was administrator of the estate of Reimer Doerscher deceased, and is a party defendant in this suit, received one thousand dollars insurance due on account of the loss of the house. Plaintiff took execution on its

judgment, and garnished Mendel, who answered that he had a part of the money received on account of said insurance, the amount being greater than plaintiff's claim. Thereafter Anna Doerscher filed her motion to dismiss the garnishment proceedings on the ground that her share of the proceeds of the insurance was exempt from execution, because it was the avails of insurance on the homestead. The motion was supported by affidavit, and was submitted upon evidence introduced by Anna Doerscher, and overruled. Anna Doerscher then filed her answer or defense to the proceeding. Plaintiff then moved the court for judgment against the garnishee on his answer and that of Anna Doerscher, which the court sustained, from which judgment Anna Doerscher appealed.— *Affirmed.*

*John M. Galvin* for appellant.

*Benjamin & Preston* for appellee.

Granger, J.—Error is assigned on the ruling of the court denying the motion to dismiss the garnishment proceedings, and also on its ruling sustaining the motion for judgment. It is not important to consider the assignment based on the ruling of the court on the motion to dismiss; for that action of the court was at once followed by the filing of an answer or defense to plaintiff's claim to judgment, and it is an elaborate statement of the facts relied on, and presents the same grounds as did the motion, and the judgment of the court is based on the facts as pleaded by appellant. We need not determine the question of such a motion being proper, because the answer must have been intended as a presentation of the same reasons for the discharge of the garnishee, in another way, and would be a waiver of the former method. There is no question as to the answer of the garnishee. It is a plain admission of what

is held by him, and no one questions it. Hence it becomes
a question whether appellant, in her statement of facts
on which she seeks the discharge of the garnishee, has
shown herself entitled to the relief she asks, which is
that the money in the hands of the administrator be
adjudged as exempt to her, because it is the proceeds
of insurance on the homestead. A part of the
answer deals with facts to show that the money
in the hands of the garnishee is proceeds of the
insurance, which fact we recognize; so that we need not
further notice that part of the answer. It appears from
the answer that, because of certain facts, appellant has
been prevented heretofore from getting the proceeds of
the insurance, so as to rebuild her said homestead, or
from building another (a new homestead) for herself out
of her share of the proceeds of said insurance and of the
proceeds of her husband's estate. The following is the
concluding paragraph of her answer: "(8) That the
defendant has elected heretofore to take her distributive
share of her said husband's estate, but has been unable
to obtain her said share, for the reasons aforesaid; that
defendant claims all of her said share as exempt to her
from garnishment; that under the statutes of this
state the defendant is entitled to have set apart to her
one-third in value of her said husband's estate, and that
she desires and insists upon having said distributive
share set off to her, and that she now has, as she always
has had, the desire and intention of using said distribu-
tive share in the investment of a new homestead; and
that said total distributive share will be much less in
value than was the value of the old homestead at the
time the dwelling house thereon was destroyed by fire."
It appears conclusively from this answer that there is
no purpose to further occupy the homestead left by the
husband, but it clearly appears that appellant's inten-
tion is to take her distributive share in her husband's

estate, and with it make a new home. There is no purpose to preserve the homestead right, instead of taking a distributive share, but the intention is to take the distributive share, which, of itself, defeats the homestead right; and then the claim is that she takes her share of the proceeds of the homestead exempt from liability for her prior debts, because it is her purpose to use that, with the remainder of her distributive share of the estate, to make a new home. The law gives to the surviving wife or husband no such right. No such a claim could be reasonably urged, except on the basis of an existing homestead right. The taking of the distributive share in the estate devests the homestead right. Code 1873, section 2007, 2008; *Whitehead v. Conklin*, 48 Iowa, 478; *Butterfield v. Wicks*, 44 Iowa, 310; *Meyer v. Meyer*, 23 Iowa, 359. It is not made to appear that her distributive share will include the homestead lot or lots, so that, if it could be done, the rule could be made to apply, that, where the homestead is set apart as the distributive share of the widow, she takes it exempt from debt contracted prior to that time. See, for such rule, Code 1873, section 2441; *Knox v. Hanlon*, 48 Iowa, 252; *Briggs v. Briggs*, 45 Iowa, 318. It is there held that, if the homestead is set apart to the widow as her distributive share, she takes it exempt from debts of hers contracted prior to that time. As we understand the facts of this case, the widow purposes to take her distributive share exempt from liability for her debts, and invest it in a new home. No authority cited sustains such a right. The judgment is AFFIRMED.