REBECCA EDINGER, Appellee, v. LENA BAIN, Appellant.

**Homestead:** DISTRIBUTIVE SHARE: REINVESTMENT: EXEMPTION.
1  Where a widow, as executrix, sold the homestead under an order of court, retaining one-third of the proceeds, she thereby elected to take her distributive share, extinguishing her homestead right, and on reinvestment of such share in a new homestead the same was not exempt from debts contracted prior to its acquisition.

**Homestead:** SALE IN GROSS. A homestead in a city, which is subject
2  to judicial sale and does not exceed $500.00 in value, may be sold in gross, though containing more than one-half an acre.

*Appeal from Plymouth District Court.*— HON. WM. HUTCHINSON, Judge.

MONDAY, FEBRUARY 15, 1904.

ACTION to set aside a sheriff's sale of real estate, and to enjoin the issuance of a sheriff's deed. There was a decree in favor of plaintiff, and defendants appeal.— *Reversed.*

*Zink & Roseberry,* for appellants.

*Martin & Martin,* for appellee.

BISHOP, J.— Plaintiff is the widow of William Edinger, deceased. William Edinger died in 1887, and at the time thereof he was seized in fee of a farm of one hundred and sixty acres in Plymouth county, which he, with his family, had occupied as a homestead for many years. Plaintiff was appointed administratrix of her husband's estate, and, acting as such, in December, 1891, she procured an order of court authorizing her to make sale of said farm as a whole, and she alleges that she did then sell the same for the sum of $4,340, " of which sum there was set apart to her as her

distributive share, and in lieu of her homestead rights in the said property, the sum of $1,446.66." The balance of the proceeds was used to pay on claims filed against the estate. Some time thereafter plaintiff purchased the property in controversy, consisting of two and a fraction acres of land within the incorporate limits of Kingsley, in said county, paying therefor out of the moneys so received by her from the proceeds of the sale of the farm. Since her purchase of the Kingsley property, and down to the present time, she has resided thereon as her home place. In 1887, plaintiff and her husband became jointly indebted to defendant Lena Bain. A portion of such indebtedness was paid out of the estate, and the balance remaining unpaid was put in judgment as against plaintiff in 1892. An execution was issued on such judgment and placed in the hands of the defendant O. F. Herron, sheriff of Plymouth county, who by virtue thereof levied upon and sold the property in controversy to defendant Bain.

Plaintiff seeks in this action to have said sale set aside, it being her contention that the property is exempt to her as a homestead. Conceding that plaintiff intended, as she tes-

1. HOMESTEADS: distributive share; reinvestment; exemption.
tifies that she did, when she accepted the share coming to her from the sale of the farm, to invest the same, or a part thereof, in a new homestead, and conceding that she is such a person as might lawfully claim a homestead under the laws of this State, still we think her contention in this case cannot be sustained. Under the provisions of Code 1873, section 2440, she was entitled to have one-third in value of the real property possessed by her deceased husband set apart to her as her property in fee simple, and this is what was done. The effect thereof was to relinquish any right of homestead she may have had in the property, as the right of homestead could have been preserved to her only by electing to retain the same in lieu of a distributive share in fee of the property. Code 1873, section 2008. Having made her election in favor of

a distributive share, the homestead right was extinguished when the sale of the farm was accomplished, and one-third thereof in value was paid over to her.   From that time forward she was the owner simply of the moneys in her hands, possessed of no other or greater rights in respect thereto than would have resulted had the same been derived from any other source.   *Meyer v. Meyer,* 23 Iowa, 372; *Hornbeck v. Brown,* 91 Iowa, 321; *Askwith v. Doerscher,* 105 Iowa, 394.   Manifestly we have no occasion to consider what would have been the rights of plaintiff had she elected to retain her homestead interest, and in the course of subsequent proceedings, brought for the purpose of admeasurement of her dower, it had been found advisable to make a sale of the property.   As the debt due to defendant Bain was contracted long before plaintiff acquired the property in controversy, and as the same was not acquired with the proceeds of a prior homestead, it follows that she cannot complain of a sale thereof under execution, even though she is in the occupancy thereof as a present homestead.   Code section 2976.   It does not appear that she had any other property which should have been first resorted to for the payment of the debt.   If such there was, it was for her to point it out.

The conclusion is that the decree was erroneous, and the case is remanded to the district court with instructions to enter a decree in harmony with this opinion.— *Reversed.*

SUPPLEMENTAL OPINION ON REHEARING.

WEDNESDAY, OCTOBER 26, 1904.

PER CURIAM.— In a petition for rehearing appellee calls our attention to the fact that sale of the real estate in question was made by the sheriff in gross; that upon the original submission it was contended by her that under the provisions of section 2976 of the

2. HOMESTEAD: sale in gross.

Code it was her right to have reserved from sale that portion of the property on which is situated her dwelling house, and not exceeding one-half acre in extent, unless a sale thereof was necessary to make good a deficiency remaining after sale of the other two acres. This contention was not overlooked by us, and mention thereof may very well have been made in the opinion as filed. But we did not regard it as of importance, and for the reason that it was expressly stipulated that the value of the entire property did not exceed $500, and that appellee was in possession of the whole, claiming it as a homestead. By the provisions of section 2978 of the Code the homestead right in urban realty is limited in extent to one-half acre, unless the value thereof is less than $500, in which event it may be increased to that sum. The sheriff could not, therefore, set off or reserve from sale the homestead, because nothing would have been left after the reservation was made. The property being subject to sale, there was no error in making sale thereof in gross. Accordingly, our former opinion is adhered to, and the petition for rehearing is *overruled*.