N. R. COLEMAN, Appellee, v. MARY BOSWORTH et al., Appellees, JOHN M. BLAINE, Appellant.

HOMESTEAD:   Surviving Spouse—Distributive Share Embracing Homestead—Exemption.   A surviving spouse who takes as his or her distributive share that part of the homestead which includes the ordinary dwelling house, takes the said part exempt from execution sale, as in case of any other homestead, *provided there has been no abandonment of the homestead right and possession since the death of the owner.*

JUDGMENT: Conclusiveness—Persons Concluded—Interested Non-Party Aiding Defense. One is not bound, by the judgment in an action to which he is not a party, by the fact that he (a) actively interests himself in such action on behalf of one of the parties thereto, and (b) is directly interested in a property way in the litigated subject matter.

PRINCIPLE APPLIED: A wife and mother died seized of certain lands, part of which was a homestead. Later, a judgment was obtained against the surviving husband and father. Execution levy was made on the father's interest in the estate. The children brought injunction to restrain the sale. These children contended that the father had elected to take the homestead occupancy right, and that, as a consequence, they alone owned the land. The judgment creditor contended that the father had elected to take his absolute distributive share, and prayed that his judgment be decreed a lien thereon. But the judgment plaintiff failed to make the father a party to his cross-action. Prior to the commencement of the injunction suit, the father, with some of the children, consulted an attorney with reference thereto. Some of the children were made party plaintiffs without previous consultation. On the trial, the father was present, sat near the attorneys for the children, frequently consulted with them, and was a witness in their behalf. He offered no evidence in his own behalf, and, of course, had no right or opportunity to examine or cross-examine witnesses or to appeal. The court decreed that the father had elected to take his distributive share, and *that the judgment was a lien on said share.*

Later, the father brought action against the children to have his distributive share set off to him, and made said judgment plaintiff a party defendant, and asked that said judgment be decreed no lien on such share. *Held,* the father was not bound by the decree entered in the action by the children, and not estopped to deny that said judgment was a lien on said share.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

SATURDAY, SEPTEMBER 22, 1917.

ADELIA COLEMAN, in January, 1904, died seized of a tract of 116 acres of land in Linn County, Iowa, survived by N. R. Coleman, her husband, and several sons and daughters. Judgment was entered against N. R. Coleman, October 2, 1913, in favor of John M. Blaine, appellant herein,

and execution was levied upon the interest of N. R. Coleman in her estate, and the same advertised for sale to satisfy the judgment in favor of appellant; whereupon, Mary Bosworth and the remaining heirs at law of Adelia Coleman brought suit in which a writ temporarily restraining execution sale thereof was issued. Plaintiffs alleged that they were the absolute owners of all of said real estate, subject only to the homestead right of N. R. Coleman. The defendant Blaine, in answer, denied plaintiffs' ownership, and alleged that N. R. Coleman had elected to take his distributive share in the estate of his deceased wife in lieu of homestead, and that the judgment above referred to was in fact a lien upon his undivided interest in said real estate, and prayed for general equitable relief. The cause was tried upon the merits, resulting in the dismissal of plaintiffs' petition, upon the ground that N. R. Coleman had elected to take his distributive share in the estate of his deceased wife, and that plaintiffs had not such interest in the subject matter as that they could maintain said suit; and decreeing said judgment a lien upon said real estate. Upon appeal, the judgment was affirmed. *Bosworth v. Blaine,* 170 Iowa 296. Thereafter, N. R. Coleman, appellee herein, brought this suit against appellant to quiet title to said real estate against the pretended lien of the Blaine judgment, and against the heirs at law of his deceased wife to have his distributive share set off to him. 30 acres of the 116-acre tract were accordingly set off to appellee out of the homestead 40, so as to include the dwelling house and other improvements thereon, and decree rendered quieting title thereto in plaintiff against the lien of said judgment.—*Affirmed.*

*Randall, Courtney & Harding,* for appellant.

*Deacon, Good, Sargent & Spangler* and *Lewis Heins,* for appellee.

STEVENS, J.—I. Appellant contends:

1. HOMESTEAD: surviving spouse: distributive share embracing homestead: exemption.

(a) That the setting off to plaintiff of his distributive share is, under the statute, a disposal of the homestead, and that the tract set apart to him is not exempt from execution, but subject thereto; and (b) that plaintiff, though not a party of record, was privy to the judgment in *Bosworth v. Blaine,* supra, and bound thereby, and is therefore estopped to deny the lien of said judgment.

Plaintiff and his deceased wife, for years prior to her death, occupied the premises in question as their homestead, and plaintiff has continuously since the death of his wife resided thereon. Shortly after the death of Adelia Coleman, a new house was erected near the old one, plaintiff and his family occupying the former, and Leslie Coleman, a married son, the latter. Some of the children have at all times resided with plaintiff, and at the time of the trial, a daughter kept house for him. Leslie Coleman had charge of the farm, paying plaintiff some grain rent therefor.

We will first dispose of appellant's contention that the distributive share set off to appellee is subject to execution. In *Briggs v. Briggs,* 45 Iowa 318, the distributive share of the surviving widow was set off to include the buildings and part of the original homestead. The court, in discussing the question of its exemption from execution, said:

"Before that, she had the right to possess and occupy and enjoy the rents and profits of 40 acres. After that, her estate was extended as to duration, but was circumscribed as to territorial extent. She acquired a right in fee, but it was limited in extent to $26\frac{2}{3}$ acres. The $26\frac{2}{3}$ acres, however, continued to be her homestead, and so continue as long as she occupies it as such with her family. * * * The Singer Manufacturing Company have in no way been

prejudiced by this act. She had a right to possess the entire 40 acres, during her life, as a homestead. If she had done so, she could not have had any portion of the 80 acres set off to her in fee, because she would have been in possession of more than one third of its value. If, then, she had continued to occupy the 40 as a homestead, she would have had no interest in the 80 which could·have been subjected to the judgment of the manufacturing company. They are placed in no worse condition than they were in before, if their right to this lien is denied. And we are of the opinion that, as the dwelling house and 26⅔ acres, set apart to plaintiff, have never been divested of their homestead character, no good reason can be given for permitting the judgment in question to become a lien upon them."

In *Nye v. Walliker*, 46 Iowa 306, the wife's dower was set off so as to include a portion of her husband's estate occupied by her as a homestead before and after his death. The court held that a judgment recovered against the wife after the death of the husband was not a lien thereon.

In *Knox v. Hanlon*, 48 Iowa 252, the court said:

"But even if it should be conceded that the whole of the debt to defendant was contracted prior to the setting apart of this property to Catherine Hanlon as her distributive share, it did not, upon being so set apart, become liable for this debt. The property in question was the homestead of Catherine Hanlon and her husband. Upon the death of her husband, the homestead became hers. The same property that constituted the homestead was afterwards set apart to her as her distributive share, in fee simple. In *Briggs v. Briggs*, 45 Iowa 318, we held that, where a wife had her distributive share in her husband's estate assigned to her in fee, including a part of the homestead, it did not become liable for a judgment existing against her at the time."

As bearing upon the question above discussed, see *Wilson v. Hardesty*, 48 Iowa 515, and *In re Estate of Lund*, 107 Iowa 264.

In *Hornbeck v. Brown*, 91 Iowa 316, in which the interest of the survivor was held liable to execution, it appeared that the surviving spouse, who was the judgment debtor, had not and did not intend to occupy his former homestead, but had abandoned the same.

*Peebles v. Bunting*, 103 Iowa 489, was a suit brought by the heirs of the deceased husband of the judgment debtor to quiet title to certain lands against the purported liens of judgments rendered against the surviving widow. The widow did not occupy the premises at the time of the commencement of the suit, and had not for about two years, and did not live thereon for a period of seven years at another time. The court held that she had not elected to take the homestead in lieu of dower, and that her distributive share was subject to execution. The court, however, said:

"There is no claim that the land is exempt under the provision of Section 2441 of the Code [1873]." (This section corresponds to Section 3367, Code of 1897.)

In *Benjamin & Askwith v. Doerscher*, 105 Iowa 391, the court said:

"It appears conclusively from this answer that there is no purpose to further occupy the homestead left by the husband, but it clearly appears that appellant's intention is to take her distributive share in her husband's estate, and with it make a new home. There is no purpose to preserve the homestead right, instead of taking a distributive share, but the intention is to take the distributive share, which, of itself, defeats the homestead right; and then the claim is that she takes her share of the proceeds of the homestead exempt from liability for her prior debts, because it is her purpose to use that, with the remainder of her distributive share of the estate, to make a new home.

The law gives to the surviving wife or husband no such right. No such a claim could be reasonably urged, except on the basis of an existing homestead right. The taking of the distributive share in the estate divests the homestead right. Code, 1873, Sections 2007, 2008; *Whitehead v. Conklin*, 48 Iowa 478; *Butterfield v. Wicks*, 44 Iowa 310; *Meyer v. Meyer*, 23 Iowa 359. It is not made to appear that her distributive share will include the homestead lot or lots, so that, if it could be done, the rule could be made to apply that, where the homestead is set apart as the distributive share of the widow, she takes it exempt from debt contracted prior to that time. See, for such rule, Code, 1873, Section 2441; *Knox v. Hanlon*, 48 Iowa 252; *Briggs v. Briggs*, 45 Iowa 318.. It is there held that, if the homestead is set apart to the widow as her distributive share, she takes it exempt from debts of hers contracted prior to that time. As we understand the facts of this case, the widow purposes to take her distributive share exempt from liability for her debts, and invest it in a new home. No authority cited sustains such a right."

*Edinger v. Bain*, 125 Iowa 391, is apparently in conflict with the holding in *Briggs v. Briggs* and *Knox v. Hanlon*, supra; but, as the court cites *Benjamin v. Doerscher*, 105 Iowa 391, and *Hornbeck v. Brown*, 91 Iowa 316, the decision in each of which rests upon the fact of the abandonment by the surviving spouse of the homestead before the levy, and as, in *Edinger v. Bain*, supra, the wife had caused the real estate of her husband to be sold without having her distributive share set off to include the homestead, taking one third of the proceeds of the sale of the land, the writer of the opinion doubtless based his conclusion upon the doctrine announced by the cited cases, and, as thus construed, it is not in conflict with the cases cited by him.

It will, therefore, be observed that the distributive

share set off to include the dwelling, where less in extent than the homestead, has been held exempt from judicial sale as long as the survivor continued to occupy the same. The abandonment of the homestead renders the same liable to execution. *Reilly v. Reilly,* 135 Iowa 440. The argument of counsel for appellant that, by the provisions of Section 2985 of the Code, the distributive share, although set off to include the ordinary dwelling house and the whole or part of the real estate embraced in the homestead, is, nevertheless, liable to execution sale, is based upon an erroneous construction of the statute. The primary right of the survivor is to take a distributive share in the estate of a deceased spouse, and such survivor has the right to have the same set off so as to include the ordinary dwelling given by law to the homestead, or such survivor may, in lieu thereof, continue to occupy the *whole* homestead; but the election to occupy the whole homestead defeats the right of the survivor to take a distributive share. Section 2985 gives the survivor the right to "continue to possess and occupy the *whole* homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated." That is, unless it is otherwise disposed of, the survivor may continue in the occupancy of the homestead, while at the same time retaining the primary right. We are not at this time concerned with the question of what acts constitute an election to take the homestead in lieu of the distributive share.

The disposal of the homestead by setting off the distributive share to the survivor to include the dwelling, amounts to nothing more than a waiver on the part of such survivor of the right to possess and occupy the *whole* homestead. It fixes the right of the survivor in the real estate of the deceased spouse. The real estate occupied as a home-

stead at the death of the husband or wife is, by Section 2973, made exempt from execution while the survivor continues to occupy the same, and there is no provision of statute from which the legislative intention to divest the distributive share, set off to include the dwelling, of its homestead character, can be inferred. The statutory requirement that the distributive share be set off so as to include the dwelling was evidently designed to provide the survivor a place to live, free from the claims of creditors. The exemption of the homestead from execution sale is the settled policy of the law of this state. A widow or widower, though without children, is by statute deemed a family, within the meaning of the chapter relating to homestead. Section 2972, Code, 1897, exempts the homestead of every family from judicial sale, where there is no special declaration of statute to the contrary.

The effect of the holding of this court is to exempt the distributive share, set off to include the dwelling, to the extent of the homestead, from judicial sale.

II. Before the suit brought in the name of Mary Bosworth and the remaining heirs of Adelia Coleman against Blaine and the sheriff of Linn County, to enjoin the sale of the 116-acre tract, was instituted, Coleman went with one of the plaintiffs to consult attorneys with reference thereto. It appears also that some of the heirs were made parties without previous consultation or knowledge that suit was to be brought; that Coleman was present at the trial and sat near plaintiffs' attorneys and frequently consulted with them, and testified as a witness on behalf of plaintiffs; that some of the plaintiffs were not present during the trial; and that those present sat in the body of the court room. Based upon the above matters, it is asserted that the former suit was prosecuted on behalf of and for the benefit of N. R. Coleman, and that by

2. JUDGMENT: conclusiveness: persons concluded: interested non-party aiding defense.

reason thereof, as above stated, he is bound by the decree establishing the judgment as a lien upon the undivided interest of Coleman in the land, and estopped from denying such lien.

Appellee was not a party plaintiff or defendant in said suit, offered no testimony in his own behalf, and had no right or opportunity to examine or cross-examine witnesses, or appeal from the judgment rendered.

To sustain his contention, counsel cites, among others, the following cases: *McNamee v. Moreland,* 26 Iowa 96; *Stoddard v. Thompson,* 31 Iowa 80; *Conger v. Chilcote,* 42 Iowa 18; *Marsh v. Smith,* 73 Iowa 295; *Montgomery v. Alden,* 133 Iowa 675; *Bellows v. Litchfield,* 83 Iowa 36. A careful reading of these will show some direct interest in the subject matter of the suit, and direct representation, or such participation therein as to amount virtually to management or control of the litigation.

A person not a party to a suit is not concluded by a judgment rendered therein merely because he employs an attorney to assist in the trial thereof. *Cockins v. Bank of Alma,* (Neb.) 122 N. W. 16; *Williamson v. White,* (Ga.) 28 S. E. 846; *Loftis v. Marshall,* (Cal.) 66 Pac. 571; *State v. Johnson,* (Mo.) 27 S. W. 399; *Litchfield v. Crane,* (U. S.) 31 L. Ed. 199; *Central Baptist Church v. Manchester,* (R. I.) 23 Atl. 30.

Nor is privity established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts. *Rookard v. Atlantic & C. Air Line R. Co.,* (S. C.) 65 S. E. 1047. See also *Stryker v. Crane,* (U. S.) 31 L. Ed. 194; *Bigelow v. Old Dominion C. Min. & S. Co.,* (U. S.) 56 L. Ed. 1009; *Hart v. Moulton,* (Wis.) 80 N. W. 599.

Plaintiffs in that suit were claiming to own the 116-acre tract, subject only to the homestead right of appellee, and unless the court found in their favor upon this claim,

they were not interested in the Blaine judgment.   The question of the exemption of the distributive share of their father from judicial sale was not and could not have been successfully raised by them in that case.   We need not discuss the question whether, under the above facts, he was bound by the decree in said cause finding that he had elected to take a distributive share in the estate of his deceased wife, as he is now claiming such share.

Appellant's plea of estoppel cannot be sustained.

III.   Other questions referred to by counsel for appellant in argument will not be discussed herein, for the reason that we deem the foregoing matters controlling, and the judgment of the lower court must be—*Affirmed.*

GAYNOR, C. J., LADD, WEAVER and PRESTON, JJ., concur.