AMERICAN NATIONAL BANK OF ALAMOSA, COLORADO, Appellant, v. HARRY G. WETHERELL et al., Appellees.

**HOMESTEAD: Head of Family—Widow with Children Only Occasion-**
1   **ally at Home.** A widowed mother is none the less the head of a family consisting of herself and her minor son because of the fact that the son, on account of his health, only occasionally occupies the home with his mother.

**DESCENT AND DISTRIBUTION: Surviving Spouse—Distributive**
2   **Share When Estate Insolvent.** The distributive share in an *insolvent* estate *must* include or be carved out of the homestead, and in such manner as to include the ordinary dwelling house thereof.

**HOMESTEAD: Abandonment—Right to Sell and Reinvest.** The right
3   of a surviving wife who takes a distributive share, to claim a homestead therein and to sell the same and to reinvest the proceeds in a new homestead, is equal to the right of the husband, prior to his death, to sell and likewise reinvest.

**HOMESTEAD: Right of Survivor—Continuance of Homestead Right.**
4   The right of homestead possessed in common by a husband and wife passes, upon the death of the owner of the homestead, to the survivor, and continues in the survivor without interruption throughout the period given by law for election between distributive share and homestead life occupancy; and when the survivor, because of the insolvency of the owner's estate, takes the homestead in full of distributive share, such homestead right instantly passes into and becomes a part of such distributive share.

*Appeal from Wapello District Court.*—D. M. ANDERSON, Judge.

OCTOBER 17, 1924.

THE issue herein is upon a motion to dissolve a levy of at-

tachment in a pending suit.   The ground of the motion was that the attached property was the homestead of the attachment defendant, and was exempt from levy.   A summary hearing was had upon the motion, and the motion was sustained.   The attachment plaintiff has appealed.—*Affirmed.*

*Chester W. Whitmore,* for appellant.

*Roberts, Webber & Roberts* and *Frank T. Roberts,* for appellee.

EVANS, J.—The question presented involves the nature and extent of the homestead right acquired by a surviving spouse in the real estate of her deceased husband.   Mrs. Stella Lewis, the appellee, is the surviving spouse of Walter Lewis, who died April 1, 1919.   His estate, though insolvent, comprised considerable real property, including a homestead in Batavia of the value of $6,650.   On November 18, 1919, this homestead was by proper proceedings set apart to Mrs. Lewis in fee, as her full distributive share in the real estate of her husband. Prior thereto, and on August 14, 1919, she became obligated to the attachment plaintiff upon a contract of guaranty.   The attachment suit is predicated upon such contract, and the sum of $12,956 is claimed from the defendant thereon.   On September 22, 1920, Mrs. Lewis sold her Batavia homestead for $6,650, and thereafter purchased a home in Ottumwa for $6,000, which amount she paid from the proceeds of the Batavia home.   In May, 1923, she offered her Ottumwa home for sale, and verbally sold the same to one Gardner, receiving from him the sum of $1,000 as part payment.   Thereupon a writ of attachment was levied both upon the property and by garnishment of Gardner for the purchase price.   The appellant challenges the correctness of the holding of the lower court on many grounds, which may be stated briefly as follows:

1.   That Mrs. Lewis was not the head of a family, in that her children were all living elsewhere.

2.   That her right of homestead in the Batavia residence

1. HOMESTEAD: head of family: widow with children only occasionally at home.

was purely possessory and inalienable, and that the right was wholly terminated when she took her distributive share.

3.    That, if she had any homestead right in the Batavia property after taking her distributive share, it was a new homestead right, originating in and with her distributive share in November, 1919, and that it was not exempt from her prior debt incurred on August 14th preceding.

4.    That, if her original homestead right be deemed to continue after the setting aside of her distributive share, it could only continue during her occupancy thereof, and was fully terminated by the sale of the Batavia home.

5.    That the homestead character attached to the Ottumwa residence only at the time of its purchase, and that it was subject to the prior debt.

6.    That Mrs. Lewis sold her Ottumwa residence with intent to abandon her homestead right and to remove her residence to the state of Colorado.

The contentions of fact involved in the foregoing were all denied at the hearing by the defendant. For the purpose of our consideration, we must find the facts most favorably to the support of the judgment below, in so far as the evidence warrants. The trial court was warranted in finding that Mrs. Lewis was the head of a family, within the meaning of the statute. True, her daughters were married, and living in their own homes in other states; and her young son, a boy from twelve to fifteen years of age, spent much of his time in the home of his sister in Colorado. This latter was done from considerations of health. He was afflicted with asthma, and the climatic conditions in Iowa were unfavorable to him. Nevertheless, he did spend more or less time in the home with his mother, and she spent much of her time in Colorado with him. She had a right to maintain her home and to keep the same open for his benefit, even though he could return to it only occasionally.

The court was also warranted in finding that the respective sales of the Batavia home and the Ottumwa home were made for the purpose of reinvesting the proceeds in a new home, and

2. DESCENT AND
DISTRIBUTION:
surviving
spouse: dis-
tributive share
when estate
insolvent.

we shall enter into no discussion of this question of fact. The questions of law presented involve statutory construction, and we shall confine our discussion to those questions. The right of exemption of the attachment defendant is to be determined in the light of the following statutes (Code of 1897):

"Section 2972. The homestead of every family, whether owned by the husband or wife, is exempt from judicial sale, where there is no special declaration of statute to the contrary.

"Sec. 2973. A widow or widower, though without children, shall be deemed a family within the meaning of this chapter, while continuing to occupy the real estate used as a homestead at the death of the husband or wife, and such right shall continue to the party to whom it is adjudged in a decree of divorce, during continued personal occupancy.

"Sec. 2974. No conveyance or incumbrance of or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, whether the homestead is exclusively the subject of the contract or not, but such contracts may be enforced as to real estate other than the homestead at the option of the purchaser or incumbrancer.

"Sec. 2976. The homestead may be sold on execution for debts contracted prior to its acquisition, but in such case it shall not be sold except to supply any deficiency remaining after exhausting the other property of the debtor liable to execution. It may also be sold for debts created by written contract, executed by the persons having the power to convey, and expressly stipulating that it is liable therefor, but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt.

"Sec. 2981. The owner may, from time to time, change the limits of the homestead by changing the metes and bounds, as well as the record of the plat and description, or vacate it, but such changes shall not prejudice conveyances or liens made or created previously thereto, and no such change of the entire homestead, made without the concurrence of the husband or wife, shall affect his or her rights, or those of the children. The new

homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.

"Sec. 2985.    Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated.    The survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; but if there be no survivor, the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own, except those of the owner thereof contracted prior to its acquisition.

"Sec. 3367.    The distributive share of the survivor shall be set off so as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement; but no such arrangement shall be permitted unless there be sufficient property remaining to pay the debts of the decedents."

It will be seen from a perusal of the foregoing that the homestead rights of the defendant as a surviving spouse had three phases:

(1)    The temporary right, following the death of her husband, to occupy the whole homestead, without liability or compensation, until such homestead be disposed of.    Section 2985, Code of 1897; *Wadle v. Boston Market Co.,* 195 Iowa 46;

(2)    The right to take the homestead for life, in lieu of her distributive share;

(3)    The right to take her distributive share so as to include the dwelling house.    Code Section 3367.

Under this section, the inclusion of the dwelling house is virtually compulsory upon the surviving spouse, in the case of an insolvent estate.    The first phase above quoted carries no property or alienable right.    It is simply the personal privilege

of the spouse to continue temporarily the same occupancy after her husband's death as she had enjoyed before. The second phase does involve a property right, in the nature of a life estate. The third phase confers upon the spouse a fee to her entire distributive share, and includes in such share the substantial part of the homestead: viz., the dwelling house. In the case before us, we are clear that, when the defendant took her distributive share, which included the homestead, and no more, she had a right to claim it as a homestead and to occupy it accordingly. Whether it should be deemed a continuance of her original homestead right or whether it should be deemed a new acquisition of a homestead will be discussed later. We say at this point only that her right to claim a homestead was at least

3. HOMESTEAD: abandonment: right to sell and reinvest. equal to that of any other resident head of a family, without regard to the fact that she was a surviving spouse. If, therefore, she acquired a right of exemption of the homestead in the Batavia property at any time, she had the same equal right to dispose of the same with intent to invest the proceeds in another homestead. When she acquired the second homestead, she had the same equal right to dispose of *that* for the same purpose. It is argued by appellant at this point that the right to change homesteads by selling the one and investing the proceeds thereof in another is not available to a surviving spouse. It is argued that this right is conferred by Section 2981 only upon her husband, during his lifetime, as owner of the fee. This section of the Code does not, in express terms, confer the right of sale and reinvestment of the proceeds upon any homestead owner. That such is the fair implication of the statute, however, has been uniformly held by us for many years. See *Robinson v. Charleton,* 104 Iowa 296, wherein many of our previous cases are cited and reviewed. See, also, *Vittengl v. Vittengl,* 156 Iowa 41.

That the rule thus established by a long line of decisions applies to the defendant in this case, we have no doubt. If it be essential to the exercise of such right that the homestead owner be a fee owner, as contended by appellant, yet this defendant was a fee owner at the times when she disposed of her successive homesteads.

Was the homestead acquired in November, 1919, by inclusion in the distributive share, a *newly* acquired homestead, or was it a confirmation and continuation of her *original* homestead right, to which she succeeded as surviving spouse? The contention of appellant is that it was a newly acquired homestead, and that it was not a continuation of the original homestead right of the surviving spouse; that it was, therefore, subject to levy for the debts of the defendant incurred prior to the date of its acquisition, in November, 1919. If such homestead was a new acquisition as of such date, then it necessarily follows that it was subject to plaintiff's levy. The point thus made by the appellant is not without its logical force. If the question were open, its plausibility would have to be conceded. The appellant contends that the question *is* open, and that we have not heretofore passed thereon. We think the appellant errs in this contention. The point was distinctly settled in *Coleman v. Bosworth,* 180 Iowa 975. In that case, we said (page 979):

4. HOMESTEAD: right of survivor: continuance of homestead right.

"The property in question was the homestead of Catherine Hanlon and her husband. Upon the death of her husband, the homestead became hers. The same property that constituted the homestead was afterwards set apart to her as her distributive share, in fee simple. In *Briggs v. Briggs,* 45 Iowa 318, we held that, where a wife had her distributive share in her husband's estate assigned to her in fee, including a part of the homestead, it did not become liable for a judgment existing against her at the time. * * * It will, therefore, be observed that the distributive share set off to include the dwelling, where less in extent than the homestead, has been held exempt from judicial sale as long as the survivor continued to occupy the same. The abandonment of the homestead renders the same liable to execution. *Reilly v. Reilly,* 135 Iowa 440. The argument of counsel for appellant that, by the provisions of Section 2985 of the Code, the distributive share, although set off to include the ordinary dwelling house and the whole or part of the real estate embraced in the homestead, is, nevertheless, liable to execution sale, is based upon an erroneous construction of the statute."

And further:

"The disposal of the homestead by setting off the distributive share to the survivor to include the dwelling, amounts to nothing more than a waiver on the part of such survivor of the right to possess and occupy the *whole* homestead. It fixes the right of the survivor in the real estate of the deceased spouse. The real estate occupied as a homestead at the death of the husband or wife is, by Section 2973, made exempt from execution while the survivor continues to occupy the same, and there is no provision of statute from which the legislative intention to divest the distributive share, set off to include the dwelling, of its homestead character, can be inferred. The statutory requirement that the distributive share be set off so as to include the dwelling was evidently designed to provide the survivor a place to live, free from the claims of creditors. The exemption of the homestead from execution sale is the settled policy of the law of this state."

When it is further considered that the last clause in Section 3367 of the Code makes the inclusion of the dwelling house in the distributive share of the surviving spouse imperative, where the estate is insolvent, the logical force of our holding in the *Coleman* case becomes all the more apparent. This estate being insolvent, there was not sufficient property outside of the homestead to pay the debts of the decedent. This defendant was, therefore, precluded from rejecting the homestead and precluded from electing a distributive share in lieu of the homestead. She was compelled to include the dwelling house, which in this case comprised the entire homestead. This was a burden and restriction imposed by statute upon her right of election. If this burden is offset by any reciprocal benefit, it is the statutory recognition of the continuity of the homestead and of its coexistence with, and as a part of, the distributive share. Burden and benefit should be yoked together.

Appellant argues earnestly that, under Section 2985, a setting off of the distributive share is a disposal of the homestead. This proviso of the statute has special reference to the temporary occupancy of the homestead by the surviving spouse, which may continue until disposal of the homestead.

"But the setting off of the distributive share * * * shall be *such* a disposal of the homestead as is *herein contemplated.*"

This means that, upon the setting off of the distributive share, the temporary or "passive" occupancy of the homestead shall cease, and the spouse succeeds to her right of distributive share. Under Section 3367, this right of distributive share may or may not include the homestead. In this case, the statute required the inclusion of the homestead. It was included in the distributive share *because it was a homestead;* and it was so included in the interest of creditors on the theory that, if it were excluded by the election of the spouse, it would not be available to the creditors. If the setting off of the distributive share terminated the homestead character, then it would be subject to the debts of the decedent. If subject to the debts of the decedent, why should the spouse be required to include it in her distributive share? We think, therefore, that the clear effect of Section 3367, as applied to an insolvent estate, was to recognize the continuity of the homestead as such. And because it was a homestead, the defendant could not reject it as a part of her distributive share. If a homestead, then a homestead. A newly acquired homestead could only come into being by the election of the spouse, and after such election. This homestead was recognized by the statute as existing prior to her election, and was imposed upon the spouse as a part of her distributive share, regardless of her election.

From these considerations, we are confirmed in the soundness of our holding in the *Coleman* case. If the distributive share had been set off so as to exclude the homestead dwelling, a quite different situation would be presented. Whatever its effect might be as to the legal question before us, we need not indulge in dictum. The order appealed from is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.