Farr v. Reilly.

FARR v. REILLY ET AL.

1. **Homestead:** NOT SET OFF: JUDICIAL SALE. An execution sale of a large tract of land, including the execution defendant's homestead, which the sheriff failed to have set off prior to the sale, will not be set aside, when it is not shown that the defendant was the owner of the entire premises.

2. ——: ——: UNDIVIDED INTEREST. Where the judgment debtor is occupying as a homestead, premises in which he has an undivided interest only, and a portion of the premises is not exempt from execution sale, it is not the duty of the sheriff to set off the homestead before proceeding to sell on execution.

*Appeal from Hancock Circuit Court.*

TUESDAY, JUNE 6.

THE plaintiff holding a mortgage upon 160 acres of land in Hancock county, executed by the defendant Reilly and one Nugent, brought this action to foreclose his mortgage and obtained a judgment and decree against both the mortgagees, and a special execution was issued, and the mortgaged land was sold to the plaintiff. Afterward, the defendant, Reilly, moved to set aside the sale upon the ground that he was the head of a family, and that the premises had constituted his homestead from a time antecedent to the rendition of the decree, and that his homestead had never been set off. Affidavits were filed in support of the motion. Counter-affidavits were also filed. Upon the hearing of the motion

it was sustained in part. An order was entered setting aside the sale as to an undivided half interest, as being the interest of Reilly in the property. The order also directed that one-half of the judgment be reinstated and a special execution issue for the sale of so much of Reilly's undivided half as should not be embraced in his homestead, and that his homestead should be sold only for the satisfaction of any balance that might remain after the property should be exhausted. The order also directed that the sheriff should set off to Reilly as his homestead an undivided one-half of forty acres, and to set off the same so as to include his dwelling-house. From this order the defendant Reilly appeals.

*A. C. Ripley* and *O. K. Hoyt*, for appellant.

*Brockway & Elder* and *H. H. Bush*, for appellee.

ADAMS, CH. J.—The defendant complains of the order because it did not set aside the entire sale, and because, also, it limited the homestead to an undivided half of forty acres.

It does not appear to have been expressly found by the court that the defendant Reilly had a homestead in the premises, but the order must have been based upon the theory that such was the fact.

Now, if Reilly had been the sole owner of the quarter-section, and was occupying the same as the head of a family, it 1. HOMESTEAD: would seem clear, under the ruling in *White v.* not set off: judicial sale. *Rowley*, 46 Iowa, 680, that the sheriff before proceeding to sell should have set off the homestead; and, having failed to do so, that the sale should have been set aside, and that too in regard to the whole premises. But it is not shown that Reilly owned the whole premises. They were not sold as belonging wholly to him, but in pursuance of the foreclosure of a mortgage executed by him and Nugent. He makes no affirmative claim to the entire ownership of the premises, and we do not think that we should be justified in reversing upon the theory that he was such owner.

We come then to the second question raised, and that is, whether the court erred in directing the sheriff to set off to Reilly, as his homestead, añ undivided half interest in only forty acres.

In determining this question we do not feel called upon to express any opinion as to whether an undivided interest in

2. ——: ——: real estate, may not, under some circumstances, undivided interest. be held exempt as a homestead. Possibly it may, and if the property is not within a town plat, it is possible that the exemption should not be limited to the undivided interest in forty acres. But we have a case where the validity of the sale, is attacked, not on the ground that the whole interest of the judgment debtor sold was exempt, but on the ground that a portion of it was exempt; or, what is the same thing, so far as the principle to be decided is concerned, was not primarily liable. If the appellant's theory is correct, the rule of law is, that where the judgment debtor is occupying as the head of a family, premises in which he has an undivided interest, a portion of which is confessedly not exempt, it is the duty of the sheriff before proceeding to sell upon execution to set off a homestead to the judgment debtor. Now, we are unable to conclude that this rule is sound. It appears to us that there is an insuperable objection to it. Such a setting off, and a sale made in pursuance thereof, would be an interference with the rights of the co-tenant. While a tenant in common may make a valid sale of any undivided fraction of his undivided interest which he sees fit, he cannot be allowed to sell his interest, or any portion thereof, in a part of the premises by metes and bounds, because this would interfere with his co-tenant's right of partition. *Peabody v. Minot*, 24 Pick., 329; *Duncan v. Sylvester;* 24 Me., 482; *Mitchell v. Hazen*, 4 Conn., 495; *Jewitt v. Stockton*, 3 Yerg., 492; 4 Kent's Com., 368. Now, if he cannot be allowed to make such sale, he cannot for the same reason be allowed, by taking possession of property held in common and by making a home thereon, to set up homestead rights and require the

same to be respected in an execution sale, which would work the same detriment. *Bartlett v. Harlow*, 12 Mass., 348.

Let us suppose that Nugent is the owner of the other undivided half, and that he redeems and applies for a partition; he is entitled to have it made wholly irrespective of any division theretofore made by the sheriff for the purpose of giving Reilly a homestead. The order as it now stands contemplates that Reilly's undivided one-half interest in a distinct parcel, embracing 120 acres, shall first be sold, and in case the amount of the execution is not realized, that Reilly's undivided one-half interest in another distinct parcel, embracing forty acres, be sold. Unless the same person should purchase both parcels, or unless Reilly should redeem both, Nugent would become tenant in common with one person in one parcel and with another person in another, and would be put to the expense of two separate actions for partition, and be subjected to a probable loss resulting from two divisions of the property instead of one.

Having reached the conclusion that a homestead cannot properly be set off in such case, it follows that the court erred in directing that a homestead be set off, and erred in setting aside the sale in part, in order that a homestead might be set off. But, notwithstanding the error, the case, we think, is not in such a condition that we should be justified in reversing. The plaintiff has not appealed, and the appellant complains only because the court did not go further. As we think that the appellant was not entitled to have any homestead set off, we cannot reverse for the purpose of giving him a larger one.

The co-tenant may complain when the order comes to be executed, but we cannot reverse to prevent an injury to the co-tenant, which he may possibly, under the circumstances, regard as theoretical rather than actual. The judgment of the Circuit Court is therefore

AFFIRMED.