## DEVOE V. HALL ET AL.

*Appeal from Union Circuit Court.*

FRIDAY, DECEMBER 7, 1882.

THE plaintiff claims of the defendants a balance alleged to be due upon a contract for the purchase of real estate, and asks a foreclosure of the contract, and a judgment for attorney's fees stipulated for in the contract. The defendants admit the execution of the contract, but insist that they bought the land mentioned in the contract, in the month of December, 1874, for one thousand dollars; that an arrangement was made with plaintiff by which he was to take the title in his own name, and pay the purchase price, and defendants were to pay plaintiff one hundred dollars, to be added to the principal sum of one thousand dollars, and to pay upon that sum of eleven hundred dollars interest at the rate of ten per cent. That the one hundred dollars bonus or addition to the original contract was usury. That on the 30th of April, 1877, an accounting was had under the original contract, and the sum of $1,350.30 was found due, including the $100 of usury, and defendants made a further usurious contract with plaintiff for $1,486, in which was an added amount of $135.10 to the lawful interest. The defendants pray that no allowance be made for attorney's fees, and that judgment be rendered against the plaintiff for costs. The court found that the original contract between the parties was one for the sale of real estate, and not for the loan of money, and that is was not usurious. The court further found that a bonus of ten per cent was placed in the face of the note, upon making the new contract of April 30, 1877, and that the contract was thereby rendered usurious. The court found there was due the plaintiff $1,072.40, and rendered judgment for that amount, with interest at six per cent from March, 1881, and a decree of foreclosure of the contract. The court also rendered a judgment against the defendants, in favor of Union County, for the use of the school fund, for $407.02. The plaintiff appeals.

*Wilson & Laybourn,* for appellant.

*McDill & Sullivan* and *John A. Patterson,* for appellees.

DAY, J.—I. At the time the contract sued upon was executed, the eleven hundred dollars agreed to be paid for the land, with interest at ten per cent, amounted to about $1,350. The contract was executed for $1486. The evidence is conflicting as to the manner in which this difference was made up. The defendants testify that it was obtained by adding a bonus of ten per cent to the amount then found to be due. The plaintiff testifies that it was made up by the insertion of several small sums which the defendants owed him. The testimony of the plaintiff, however, does not satisfactorily account for the entire difference. The court adopted the explanation of the defendants. We think the finding of the court is sustained by a preponderance of the testimony.

II.  The defendants insist that the court should have found that the orig-
inal contract of December, 1874, was usurious, and that there is due the
plaintiff only $669.15.  The defendants ask that the judgment in favor of
plaintiff be reduced to that amount.  The defendants have not appealed,
and hence are not entitled to a reduction of the decree.  See *Hintrager v.
Hennessy,* 46 Iowa, 600; *Smith v. Wolf,* 55 Iowa, 555; *Casady v. Spofford,*
57 Iowa, 237; *Farr v. Reilly,* 58 Iowa, 399.  The decree of the District
Court is

AFFIRMED.