CLARK M. PEEBLES AND JULIA A. WHITE, Appellants, v. RICHARD BUNTING AND THE McCORMICK HARVESTING MACHINE COMPANY.

**Homesteads: WIDOW.** Where a widow lived on her husband's farm for six months after his death, then left it, and went to another place, where she resided about nine years, then returned to the farm, where she lived for seven years, when she again left, and resided in another place for three or four years, and made an arrangement with her children whereby she received the rent for the whole of the farm, she cannot claim a homestead right in the farm.

**SAME.** A widow can elect to take homestead rights in the land in lieu of dower under Code 1873, sections 2007, 2008, only, when the premises, or some part of them, were occupied by the husband as a homestead prior to his death, so as to make it his homestead at the time of his death.

**PRESUMPTIONS.** In the absence of evidence showing the election of the widow to take a homestead in lieu of dower, the presumption is that she took her primary right, which under the provisions of Code 1873, section 2440, is a one-third interest in all of her husband's real estate.

**JUDGMENT LIEN.** When a widow does not elect to take her homestead right in her husband's land, in lieu of dower, and judgments are obtained against her, they attach immediately to her one-third interest in his real estate.

**Judgments: PARTIES: *Issues.*** In an action brought by the children of a judgment debtor to quiet their title to premises sold under an execution issued on the judgment, on the ground that the debtor held homestead rights in the property sold, the court may,

7    upon a finding that the debtor held an undivided one-third inter-
     est in the land, which was subject to the judgment, enter a decree
     against such debtor, although she was in default as to the plain-
     tiff's petition and was not served with notice of the defendant's
     cross-bill, to which she was made a party.

Appeal:  OBJECTION BELOW     Where a case was tried below as if the
6    answer applied to an amended and substituted petition, it will
     be so treated on appeal.

*Appeal from Calhoun District Court.*—HON. Z. A.
CHURCH, Judge.

TUESDAY, OCTOBER 26, 1897.

SUIT in equity to quiet the title to certain lands
theretofore owned by Albert Peebles in his lifetime.
The defendants are judgment creditors of Mary E.
Morton (*nee* Peebles), and, as such, claim a lien upon
the lands. The trial court dismissed the plaintiff's peti-
tion, and they appeal.—*Affirmed.*

*M. R. & J. B. McCrary* for appellants

*M. E. Hutchison* for appellees.

DEEMER, J.—Albert Peebles died, intestate, on the
fourth day of October, 1875, seized of the land in
dispute. He left, surviving him, Mary E. Peebles, now
Morton (his widow), and Clark M. Peebles, and Julia A.
Peebles, now White, his children. After the
death of Peebles, his widow resided upon a part
of the land in controversy for the term of about
six months, when she removed to Lake City, at which
latter place she resided until January, 1884, when she
returned to the land theretofore owned by her husband,
where she remained until February, 1891, at which time
she again removed to Lake City, and remained there
until the commencement of this suit. Appellee Bunting
obtained judgment against Mary E. Morton (*nee*

Peebles), February 23, 1892, and appellee McCormick Harvesting Machine Company obtained judgment against her on February 14, 1894. These judgments were based upon debts contracted by Mrs. Morton in the year 1883. The land was sold under the McCormick judgment in December, 1894. Appellants, who are the children of Albert Peebles, deceased, bring this suit to quiet their title to the lands, claiming that they are the absolute owners thereof, subject to a homestead right in Mary E. Morton, and that appellees' judgments are not liens upon the land. Appellees contend that Mary E. Morton became the owner of an undivided one-third of the land at the death of her husband, and that their judgments are liens upon her said interest. The sole question in the case is whether or not Mary E. Morton (*nee* Peebles) elected to take a homestead interest in the land in controversy. If she did, then appellants are entitled to the relief asked. If not, they must fail.

The statutes relating to this issue are as follows, under the head of "Homestead," Code 1873:

"Sec. 2007. Upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law.

"Sec. 2008. The setting aside of the distributive share of the husband or wife in the real estate of the deceased, shall be such a disposal of the homestead as is contemplated in the preceding section. But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased. * * *"

Under the head of "Descent and Distribution:"

"Sec. 2440. One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage * * * shall be set apart as her (the wife's) property in fee simple if she survive him. * * *

"Sec. 2441. The distributive share of the widow shall be so set off as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement. * * *

"Sec. 2443. The share thus allotted to her may be set off by the mutual consent of all the parties interested when such consent can be obtained. * * *

"Sec. 2444. The application for such admeasurement by referees may be made at any time after twenty days and within ten years after the death of the husband. * * *"

These statutes have provoked a great deal of litigation, and the court has not always agreed upon their construction. The cases are collated and the differences of opinion are shown in *Stephens v. Hay*, 98 Iowa, 37. We need not at this time express our individual views further than to say that, if appellants' contention as to the facts be correct, according to the opinion of the majority the rule announced in the *Stephens-Hay Case* should be adhered to, and the decree of the court affirmed. The writer and Mr. Chief Justice Kinne still adhere to the dissent as expressed in that case. Aside from this, however, we are all of opinion that plaintiffs are not entitled to a decree. In order to recover, they must show that some part of the land in controversy was the homestead of Albert Peebles at the time of his death. Sections 2007 and 2008 of the Code of 1873 contemplate the existence of homestead interests at the death of the husband. It is the homestead then existing which the wife may continue to use and occupy after the death of her husband, and which she may elect to take in lieu of her distributive share.

There is no evidence that any part of the land in dispute was occupied by Albert Peebles as a homestead. There is a showing that Mrs. Morton lived upon the land for six months after her husband's death, and some testimony to the effect that she claimed it as a homestead. But this evidence is of no avail without further proof that it was the homestead of the deceased, which she continued to occupy and elected to take. As there is no evidence of the homestead character of the land, and no showing that she took any other property as a homestead in lieu of dower, the presumption is that she took her primary right, which has been held to be a one-third interest in all of her husband's real estate, under the provisions of section 2440 of the Code. She took this immediately upon the death of her husband, and it was thereafter subject to the debts of the wife. The judgments obtained by appellees became liens upon this interest as soon as they were rendered, and the McCormick Harvesting Machine Company was justified in selling this interest under their judgment.

II.    Mention has already been made of the fact that appellants are not entitled to recover, in the opinion of the majority, even if their contention as to the facts be conceded. We do not, however, fully agree with them as to the facts. While Mrs. Morton lived on the farm for six months after the death of her first husband, yet she then left it, and took up her residence in Lake City, at which latter place she lived until January 1, 1884, when she returned to the farm, where she lived until February, 1891, when she again removed to Lake City. True, she says in an indirect way that she always intended to return to the farm, and to hold it as a homestead; yet it also appears that, by arrangement with her children, she was receiving the rent for the whole of the land, and was holding

it, as she says, "for my support, for the rent of it, and then leave it for my children, Clark and Julia A. Peebles." If the children sold the farm, they were to make provision for her support. Instead of claiming the land as a homestead, we are satisfied that Mrs. Morton was relying upon the rent for her support, and did not in fact intend to use and occupy the premises under any homestead rights. Confirmation of this is found in the fact that in the year 1891 she mortgaged an undivided one-third interest to Bunting, and in April, 1894, she quit-claimed all her interest in the land to the appellants. The predominant idea in the mind of Mrs. Morton was to secure support out of the rent of the land, rather than to make it a place of abode. Under such a state of facts, it is quite clear that she did not elect to take a homestead right in lieu of her distributive share; and, in the absence of such an election, her primary right to an undivided one-third of the land obtains. This one-third is subject to appellees' judgments, and the trial court correctly denied appellants the relief claimed. This case is ruled by *Hornbeck v. Brown*, 91 Iowa, 316. There is no claim that the land is exempt under the provision of section 2441 of the Code. Hence the authorities cited with reference thereto are not in point.

III. Appellants' counsel contend that appellees did not answer their amended and substituted petition, and that there was no issue presented for trial. This objection seems to be raised for the first time in this court. The case was tried in the court below as if the original answers of appellees applied to the amended and substituted petition, and it will be so treated here. Appellants also say that Mary E. Morton was made a party to defendants' cross-bill, but was not served with notice, and that any decree against her is erroneous. Mrs. Morton was a party

defendant to the main action, and was properly served with notice. She did not appear and default was entered against her. Appellees pleaded that this default was allowed in fraud of their rights, and, while they say that they make her a party, yet they do not do so. No decree was rendered against her upon their cross-petition. The trial court found that, as between the parties litigant, Mrs. Morton owned an undivided one-third interest in the land, which was subject to the judgments held by the appellees, and dismissing the appellants' petition. This it had the right to do, under the issues tendered, although Mrs. Morton was in default as to appellants petition, and was not served with notice of appellees' claim. The decree of the district court is right, and it is AFFIRMED.