In the Matter of the Estate of C. L. Lund, Mrs. C. Lund, Appellant, Charles Morehouse, Kossuth County Bank, L. Russ, and E. Burgman, Appellees.

**Election by Widow:** Where a widow commences proceedings to admeasure her distributive share within the year from the death of her husband, allowed for filing claims, her occupancy of the homestead will not constitute an election to take the homestead in lieu of her distributive share.

SAME.  A widow, within three months of her husband's death, in a
suit to foreclose a mortgage on her husband's property, filed an
answer alleging that forty acres then occupied by her, had been
the homestead of her husband, and had been occupied by her as
such, and asked an order for the sale of all other mortgaged prop-
erty before selling the homestead.  An agreed statement of facts
stipulated that the widow, "since the decease of her husband, and
since the commencement of this suit, has elected to hold said
forty acres as her homestead."  *Held*, that the filing of the
answer and the agreement as to the facts in the foreclosure suit
did not constitute an election to take the homestead in lieu of her
distributive share.

*Appeal from Kossuth District Court.*—HON. W. B. QUARTON,
Judge.

MONDAY, JANUARY 23, 1899.

THIS was a proceeding, under sections 2443, 2444, *et
seq.,* of the Code of 1873, to set apart to the widow of C. L.
Lund, deceased, her distributive share of her husband's estate.
Application was filed and notice given as ordered by the court,
and E. Bergman, Charles R. Morehouse, the Kossuth County
Bank, and L. Russ appeared, and objected to the application
on the ground that the widow had elected to take the home-
stead in lieu of her distributive share.  The case was tried to
the court, resulting in an order dismissing the application, and
Mrs. C. L. Lund appeals.—*Reversed.*

*E. V. Swetting* and *Carr & Parker* for appellant.

*Clark & Cohenour* and *Sullivan & McMahon* for appel-
lee Morehouse.

*Clarke & Cohenour* for appellee Kossuth County Bank.

*E. A. Morling* for appellee Bergman.

DEEMER, J.—C. L. Lund died intestate on the second
day of July, 1896, seized of a large amount of real estate,
forty acres of which was occupied by himself and wife as a
homestead.  Ever since his death his widow has occupied the

homestead.   On January 27, 1897, she filed her petition ask-
ing that her distributive share be set apart.   Appellees, who
are creditors of the deceased, objected to the order, claiming
that the widow had elected to take the homestead in lieu of
distributive share.   This claim is based upon the following
state of facts, additional to the occupancy of the premises as
hereinbefore stated, to-wit:   Some time after the death of
Lund,—the exact date not appearing,—one George F. Graves,
who held a mortgage upon his real estate, including the home-
stead,   commenced   suit   to   foreclose   the   same,   making
Lund's administrator, his widow, and heirs, parties defend-
ant.   Mrs. Lund appeared to this suit, and on the twenty-
eighth day of September, 1896, filed an answer, in
which she pleaded that the forty acres then occupied
by her was and had been the homested of C. L. Lund
since 1891, and had been occupied and used by her as a
homestead during all of that time; and she asked that an order
be made that all the other property covered by the mortgage
be first exhausted, before resorting to the homestead.   That
case went to trial on an agreed statement of facts, in which
it was stated, "that said Claudia Lund, since the decease of her
husband, and since the commencement of this suit, has elected
to hold said forty acres as her homestead, under the laws of
Iowa."   The trial court entered a decree in that case in which
it found that the forty acres claimed by Mrs. Lund was the
homestead of the family, and directed that said forty acres be
sold last under the execution issued to enforce the decree.

The primary right of the widow is the distributive share,
and, unless she does something which in law amounts to an
election to take the homestead in lieu thereof, the court will
award her the distributive share provided by statute.   *Steph-
ens v. Hay,* 98 Iowa, 37; *Pebbles v. Bunting,* 103 Iowa, 489;
*Egbert v. Egbert,* 85 Iowa, 525; *Wold v. Berkholtz,* 105 Iowa,
370.   While continued occupancy of the homestead, in the
absence of an election to take dower, will be deemed an elec-
tion to hold the homestead; the widow is not required to make

such an election until the question of the indebtedness of the estate is determined, and it is known whether any portion, and, if so, how much, of the real property must be sold for debts, so that she may know what her distributive share would amount to. And occupancy of the homestead during the year allowed for the filing of claims will not be treated as evidence of an election to take the homestead in lieu of distributive share. *Thomas v. Thomas,* 73 Iowa, 659. As Mrs. Lund commenced her action to admeasure her distributive share within one year from the time of the death of her husband, her occupancy of the homstead did not constitute an election.

It is stoutly contended, however, that the filing of the answer in the Graves case, and the agreement as to the facts filed therein, did amount to an election, from which she cannot recede. And this presents the real question in the case. It is claimed by appellant that she had the right to plead the homestead character of a part of the land covered by the Graves mortgage, and to ask that it be reserved from the sale under execution until all other property covered by the mortgage was exhausted, whether, she took the same as a homested for life, or had it included in her distributive share, as provided in section 2441 of the Code of 1873, and that her plea of homestead was not an election to take the life estate in lieu of dower. This contention seems to be sustained by the authorities. The section of the Code to which we have just referred provides that the distributive share shall be so set off as to include the ordinary dwelling house given by law to the homestead. In a case calling for a construction of this section, we held that when the widow elects to take her distributive share, and such share embraces the homestead, she does not surrender her right to have the property other than that set apart to her first exhausted in payment of a mortgage lien upon the whole premises. Yet further we said: "She takes her distributive share free from her husband's debts, and it so far retains its homestead character that the

other property included in the mortgage in which she joined must be first exhausted." See *Wilson v. Hardesty*, 48 Iowa, 515. Manifestly Mrs. Lund did not make an election to take the homestead by the filing of her answer in the *Graves Case*. Did her admission in the agreed statement of facts filed in that case amount to an election? The exact language of that admission is: "It is admitted that the following facts are true, as applied to this case  *   *   *;  that said Claudia Lund, since the decease of her said husband, and since the commencement of this suit, has elected to hold said forty acres as her homestead, under the laws of Iowa." It will be observed that the admission was for the purpose of that case, and to the effect that she had theretofore elected to hold the forty acres as her homestead. Just how or when the election was made, is not shown; and, at most, it is a bare statement that such an election had been made at some time. Such an admission does not of itself constitute an election; and, made as it was, for the purpose of the foreclosure case alone, it is entitled to little if any weight in this proceeding, where there is no evidence whatever of an election in fact. The widow was not called upon to make an election in that case, and the objectors in this case were not parties to that; hence there is neither former adjudication nor estoppel. To be effective, an estoppel or adjudication must be mutual in its operation. We are constrained to believe that this bare statement should not be held to conclude the widow. In the case of *Darrah v. Cunningham*, 72 Iowa, 123, it appeared that a husband, after the death of his wife, made a will in which he declared that he had not intended to take the homestead, but desired to own and possess one-third in value of his wife's land. This will also directed the executors to sell his one-third interest in the lands. The husband also said repeatedly that he intended to take one-third of his wife's real estate. Notwithstanding these facts, it was held that continued occupancy of the homestead as such constituted an election, as against his express declaration to the contrary. In the case of *Zwick v. Johns*,

89 Iowa, 550, the widow filed a petition asking that her distributive share be set aside, but she afterwards changed her mind, and abandoned the proceedings. She also made deeds, mortgages, and leases upon her undivided interest in the lands. It was claimed that this amounted to an election to take her distributive share, notwithstanding her occupancy of the premises; but the court held otherwise, and found that she was entitled to the homestead estate. *Mobley v. Mobley,* 73 Iowa, 654, is another case wherein it was held that a widow's devise of her interest in the real estate of her deceased husband, without having her distributive share set aside, carried nothing, for the reason that she had been in the continuous use of the homestead after the death of her husband. *Hornbeck v. Brown,* 91 Iowa, 316, decided that a mere election to have the distributive share set off will not extinguish the homestead right; nor will proceedings instituted for that purpose, however far they may have progressed, short of the final order setting off the distributive share, have that effect. See, also, *Whited v. Pearson,* 87 Iowa, 515. If it be true that none of these matters will constitute an election to take the distributive share, it is certainly true that the mere admission of the widow that she had elected to take the homestead, made long before the time when she was required to make her election, will not deprive her of her distributive share.

Question is made as to whether the case is triable *de novo,* or on assignment of error. We are of opinion that it is a special proceeding, triable ordinarily upon assignments of error, and not *de novo.* The case may have been so tried in the district court as that it may be heard *de novo,* but, as a general rule, it must be presented to this court as a law action. But, whatever may be the rule applicable to this case, we think the court was in error in dismissing the petition; and the case is remanded for the appointment of referees, and other proceedings in harmony with this opinion.—REVERSED.