NOAH YODER, Appellee, v. KALONA SAVINGS BANK ET AL., Appellant.

Descent of lands: SALE BY ADMINISTRATOR: JUDGMENT CREDITORS:
1 ENFORCEMENT OF LIEN: QUIETING TITLE. Upon the death of an ancestor intestate, title to his real estate vests immediately in his heirs, to whose interest in the nonexempt property the lien of a

creditors judgment simultaneously attaches, and when the judgment creditor has no notice of the administrators application to sell the land the lien is not affected by the sale, and his rights can be determined in a subsequent action by the purchaser to quiet title; but where the nonexempt property is insufficient to pay the debts of the estate the judgment creditors lien is extinguished by the administrators sale for that purpose, and the purchaser may have his title quieted against the lien of the judgment.

**Same:** ESTOPPEL. Where the judgment creditor of an heir, pending administration of his ancestors estate, sued to have the heirs interest in the estate determined, a purchaser of the property at administrators sale, by successfully demurring to the petition in that action, was not estopped thereafter from asking an injunction to restrain the creditor from levying an execution on the land.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

WEDNESDAY, JANUARY 20, 1909.

REHEARING DENIED SATURDAY, APRIL 10, 1909.

THIS is an action to remove a cloud and to quiet title in plaintiff to certain real estate. Decree was entered for the plaintiff. Defendant appeals.—*Affirmed.*

*John Ney,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

EVANS, C. J.—On January 4, 1904, the defendant obtained a judgment for $100 against Moses Eash. On March 1, 1905, Magdalena Eash, the mother of the judgment debtor, died intestate, leaving surviving her three children as her only heirs at law. Magdalena died seised of fifty-five acres of land in Johnson County, Iowa, forty acres of which constituted her homestead at the time of

her death and for many years prior thereto. This land was incumbered by mortgage for about $1,300. The land was of the stipulated value of $100 per acre. She left personal property of the value of $293. Indebtedness against her estate, including the $1,300 incumbrance on the land, amounting to approximately $4,600. An administrator of her estate was appointed, and administration duly had. No facts existed which rendered the forty acre homestead subject to the debts of the intestate, and none existed which rendered the interest inherited therein by Moses Eash nonexempt from the judgment held against him by defendant herein. Only fifteen acres of the land referred to was available to the administrator for payment of the debts of the estate, and such debts included the incumbrance before referred to. The administrator presented his application for an order of sale of the real estate for the purpose of paying debts. In order that an advantageous sale might be made, the heirs consented to the sale of the fifty-five acres in a body, including the homestead, on condition that they should not be deemed as waiving their right of exemption to the proceeds of the homestead. This condition was embodied by the court in the order of sale. The entire tract was sold to the plaintiff herein for $5,500. Out of this sum, plus the proceeds of the personal property, the administrator applied to the payment of the incumbrance and upon certain preferred claims the sum of $2,288; the heirs consenting to an encroachment upon the proceeds of the homestead to that extent. The balance of the proceeds of the homestead was turned over by the administrator to the heirs as their property. The administration was finally closed, leaving unpaid claims against the estate amounting to about $2,300. The defendant was not made a party nor served with notice of the application by the administrator for the sale of the real estate.

I. The contention of the plaintiff is that, by the death of Magdalena Eash, title was immediately cast upon

its judgment debtor to an undivided one-third of her real estate, and that the lien of its judgment attached thereto simultaneously; that it received no notice of the application of the administrator for the sale of real estate, and is therefore in no manner bound thereby; and that its lien was not divested by such proceeding nor by the sale in pursuance thereof. The propositions of law involved in defendant's contention may be conceded for the purpose of this case, although it may be debatable whether in the eyes of a court of equity a judgment creditor of an heir should necessarily be deemed in the first instance to have a lien upon real estate, no part of which can ever pass to the heirs because of the insolvency of the ancestor's estate. It is true that whatever interest the judgment debtor took he took instanter, and that the lien of the judgment attached thereto at the same time. Therefore, let it be assumed for the purpose of this discussion that the lien of the judgment debtor such as it was, attached immediately upon the death of the mother. Confessedly it could only attach to the extent of the interest of the judgment debtor in the nonexempt real estate. Under the statute, the defendant as a lienholder was entitled to notice of the administrator's application for an order to sell. Not having received such notice, his rights were not affected by the sale of the real estate by the administrator to the plaintiff, and the plaintiff took such real estate subject to the rights of the defendant whatever such rights were. But the rights of the defendant were in no manner enlarged by the administrator's proceeding, nor by his failure to give notice. As between the plaintiff and the defendant in this proceeding, the plaintiff may stand in the shoes of the administrator. The land is no more available to the defendant in the hands of the plaintiff as purchaser from the administrator than it would have been available to it in the hands of the administrator. If the

1. DESCENT OF LANDS: sale by administrator: judgment creditors: enforcement of lien: quieting title.

defendant had a lien, it was entitled to its day, in court. Not having had it in the administrator's proceeding, it is entitled to take it now. We see no reason why the court may not in this proceeding award to the defendant whatever rights it would have been entitled to in the administrator's proceeding if it had been made a party thereto. But, if it had been made a party to the administrator's proceeding and served with notice thereof, it could not have prevented the order of sale, nor could it have established any priority of its claim over the right of the administrator. It would have been entitled to an order in form subjecting to the payment of its judgment one-third of the balance of the proceeds of the sale of the nonexempt real estate after the payment of the claims established against the estate. This would be the limit of its right. Its lien would be extinguished by the administrator's sale, regardless of whether it realized anything on its judgment or not. Not having had the opportunity to enforce such right in the administrator's proceeding, it is entitled to have such right recognized in this proceeding, and to no more. The value of the real estate is stipulated in this case at $100 per acre. This is the price actually realized from the administrator's sale. It is plain, therefore, that the judgment debtor had no beneficial interest in this real estate, and that the defendant's judgment lien was literally naked. It has made no tender of redemption. It has not pointed out either in its pleading or in its argument any way by which the court can award to it any beneficial right without ignoring the insolvency of the principal estate, and without giving to the defendant now a priority which it never had before. It is not entitled to this nor may it continue to maintain its naked lien as a mere cloud upon and menace to the plaintiff's title. Not only is it entitled to a judicial determination in this case of its debtor's beneficial interest in the real estate, but the plaintiff also is entitled to such determination and to a

final adjudication of it. The lower court properly determined that the debtor had no interest. The appellant must, therefore, be deemed to have no lien.

II. It appears from the pleading and the evidence that pending the administration on the estate of Magdalena Eash the defendant brought a suit in equity asking that

2. SAME: estoppel. the interest of the judgment debtor in such estate be determined. A demurrer to its petition was sustained by the lower court, and, upon appeal, such judgment was affirmed in this court. *Kalona Savings Bank v. Eash,* 133 Iowa, 190. It is now the contention of the defendant that, inasmuch as the plaintiff herein (defendant in that case) demurred to its petition, he is now estopped from asking an injunction to restrain the defendant herein from levying an execution upon the land. We can not concede force to this contention. The plaintiff in that case was defeated upon allegations of its own choosing. It did not allege the facts as they appear in this case. If it had done so, it undoubtedly would have been defeated upon the very questions that are now discussed here. If any consideration could be given now to the result in that case, it would be adverse to this defendant rather than favorable. What the court held in that case was, in substance, that, while the administration was pending in the probate court, a court of equity would not undertake to measure the interest of the judgment debtor, nor to anticipate the amount of property which might be required by the probate court for the payment of the debts. The case of *Mullin v. White,* 134 Iowa, 681, does not sustain the appellants' contention. The estate involved in that case was not insolvent. The court allowed the judgment creditor to seize the interest of the judgment debtor, charged, however, with its *pro rata* share of the debts of the principal estate. In that case, as in this, the judgment creditor had not been served with notice of application by the administrator to sell. The rights which he

could have obtained in such proceeding, if he had been served with notice, were awarded to him in an equity action. The judgment debtor in that case had a beneficial interest which was rendered available to the judgment creditor. We would award the same relief to the appellant in this case if any beneficial interest to its debtor existed.

The decree of the lower court was right; and it is *affirmed.*