ARISPE BANK, Appellant, v. JAMES WERNER et al., Appellees.

**HOMESTEAD: Rights of Children—Devise of Remainder.** Homestead
1  property passing by will to testator's children by way of remainder
after the termination of a life estate in the surviving spouse is

not exempt from the antecedent debts of such children. (See Book of Anno., Vol. 1, Sec. 10153.)

**HOMESTEAD:  Rights of Children—Exemption Under Descent.**  Home-
2   stead property which descends to children of an intestate and
    spouseless owner is exempt from all antecedent debts of such chil-
    dren.   (See Book of Anno., Vol. 1, Sec. 10153, Anno. 8.)

° **Headnote 1:** 29 C. J. p. 1018 (Anno.)   **Headnote 2:** 29 C. J. p. 1018.

*Appeal from Union District Court.*—A. R. MAXWELL, Judge.

MARCH 9, 1926.

ACTION aided by attachment.   The opinion states the facts. From a decree awarding part of the relief prayed, the plaintiff appeals.—*Modified and affirmed.*

*Winter & Davenport,* for appellant.

No appearance for appellees.

VERMILION, J.—This is an action in equity for the foreclosure of a real estate mortgage securing the note of the defendant Bertha Griep and others, dated March 1, 1920.   Bertha Griep was a nonresident of the state.   As against her, a writ of attachment was also sued out, and levied on her interest in 120 acres of land.   This appeal is concerned only with the decree as respects the rights of the parties under the attachment.

1. HOMESTEAD: rights of children: devise of remainder.

It was stipulated that the allegations of fact in the answer of Bertha Griep not denied in the reply were true, and that the allegations of the reply were true.   It thus appears that, prior to their death, S. and Maria Werner were husband and wife, and were the owners as tenants in common of the 120 acres in question; that they lived on the land, which consisted of adjoining 40-acre tracts, the dwelling house being upon the middle 40.   S. Werner died testate in 1917, leaving his widow, Maria Werner, and nine children, of whom the appellee Bertha Griep was one, surviving him.   By his will the widow was given a life estate in the land, with remainder to the nine children, share and share alike.   After the death of S. Werner, his widow

continued to reside upon the land until her death intestate, in 1922, leaving the nine children, including appellee, as her only heirs at law. It was also stipulated that Maria Werner elected to take under the will in lieu of any further interest she might have had in the estate of her husband. The homestead had never been platted during the lifetime of either S. Werner or his wife.

It is apparent that the appellee became the owner in reversion, after the life estate of her mother, of an undivided one ninth of an undivided one half, or an undivided one eighteenth, of the land, under the will of S. Werner, and of a like interest as heir at law of Maria Werner.

The lower court, with the consent of appellee and her co-owners, selected and established the homestead of S. and Maria Werner as the 40-acre tract upon which the dwelling house was situated, and decreed that the appellant had no lien by virtue of its attachment upon such 40 acres, and confirmed the lien of the attachment upon the interest of the appellee in the remaining 80 acres.

The appellant complains that the court erred in holding (1) that appellee was entitled to any exemption right in respect to the interest in the land acquired by the devise of S. Werner, her father, and (2) in limiting appellant's lien to the interest of appellee in 80 acres only, and in denying a lien upon her interest in the 40 acres selected by the court as the homestead. We do not have the benefit of an argument on behalf of appellee.

I. Assuming that S. Werner was entitled to a homestead in the undivided half of the tract owned by him, we think it is plain that the interest therein that passed to appellee under his will was subject to appellant's attachment.

Under the will, Maria Werner took a life estate in such undivided one half, and appellee took a remainder of an undivided one ninth thereof. The situation is controlled by Section 2985, Code of 1897, as construed and applied in *Rice v. Burkhart*, 130 Iowa 520, and *Voris v. West*, 180 Iowa 138. Under the construction of the statute found in these cases, it is a complete answer to the contention that appellee held the interest received from her father exempt from her own antecedent debts, to say that she took such interest, not by descent, but by devise, and that there was a widow surviving. The present correspond-

ing statutory provision is Section 10153, Code of 1924. More-
over, the appellant's claim was not, so far as appears, the debt
of the appellee antecedent to the vesting in her of the interest
derived from her father. *Baker v. Jamison,* 73 Iowa 698; *Kite
v. Kite,* 79 Iowa 491; *Merchants Nat. Bank v. Eyre,* 107 Iowa 13.

II.   It is settled that the homestead may consist of the
owner's undivided interest in lands held in common. *Livasy
v. State Bank of Redfield,* 185 Iowa 442; *Rutledge v. Wright,*
186 Iowa 777. By Section 2985, supra, where
there was no will and no surviving spouse, the
homestead descended to the issue of the hus-
band or wife exempt from the antecedent debts of such issue.
It would seem clear, under the stipulated facts, that Maria
Werner had a homestead in the undivided half of the land
owned by her. We do not understand this to be questioned. It
would seem to be equally clear that this descended to her chil-
dren exempt from their antecedent debts. As to this, however,
appellant contends otherwise.

2. HOMESTEAD:
rights of chil-
dren: exemption
under descent.

The court, as we have said, with the consent of all of the
owners, established the homestead in the 40-acre tract upon
which the dwelling house stood. It is not clear that appellant is
questioning the authority of the court to do this, under such
circumstances; but the complaint is that the attachment was
not established as a lien on the interest of appellee in the entire
120 acres passing to her by descent from her mother. . If we
understand counsel at this point, the contention is that, since
it was held in *Jonas v. Weires,* 134 Iowa 47, that the creditor
could not, where the debtor owned an undivided interest in the
whole tract, make an effective levy on such interest in a part of
the tract only, it must follow that appellant had a right to
have the lien of its attachment established on the interest of
appellee derived from her mother in the entire tract, notwith-
standing the homestead right of the mother therein and appel-
lee's right to take the homestead by descent from her mother
exempt from her own antecedent debts. The fallacy of the ar-
gument is apparent. Aside from the obvious fact that such a
conclusion destroys entirely appellee's right to hold such inter-
est in the homestead as came to her by descent from her mother
exempt from her own antecedent debts, the court has, by its

action in establishing, with consent of the co-owners, the homestead upon one 40-acre tract only, removed the only obstacle in the way of an effective levy on appellee's interest in the remainder of the tract. The order confining the homestead right to one 40-acre tract as against the co-owners obviated the very difficulty confronting the court in *Farr v. Reilly,* 58 Iowa 399, and *Jonas v. Weires,* supra, relied upon by appellant.

The appellee's undivided one eighteenth of the entire tract held under the will of her father and her undivided one eighteenth of the 80 acres, aside from the 40-acre tract set aside or established by the court as the homestead, held by descent from her mother, should be subjected to appellant's attachment. So modified, the decree will be affirmed.—*Modified and affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.