ELEANOR B. GARDNER et al., appellees, v. THEODORE B. BAILEY
et al., defendants; ROY KEPHART, executor of estate of
MARY BELL KEPHART, appellant.

No. 49218.

(Reported·in 85 N.W.2d 586)

OCTOBER 15, 1957.

Livingston & Day and Everett Meeker, all of Washington, for defendant-appellant.

Poor, Cray, Walter & Youngstrom, of Burlington, for plaintiffs-appellees.

A. E. Baldrige, of Washington, for defendants Ira L. Miksch and A. E. Baldrige, trustees for Dora McClelland, and Nellie E. Wilson, executrix of the estate of Eva G. Denny.

Baumert & Gerard, of Sigourney, for defendants Wm. Reinert and Leo Reinert.

Stewart & Shearer, of Washington, for defendants Henry B. Bailey and Mary Bailey, his wife.

HAYS, C. J.—Action to partition certain real estate. Generally speaking, the facts are stipulated in the record. The real estate in question was owned by Marsh W. Bailey and was at the time of his death, in 1926, his homestead. He died intestate leaving surviving his spouse and four children, Eleanor B. Brown (Gardner), age 24, Henry B. Bailey, age 21, Theodore B. Bailey, age 20, and Josephine M. Bailey (Meschter), age 17. From the time of his death, the widow, Mary E. Bailey, and three children continued to reside in the home. The widow still so resides. The three children left the home at the time of their respective marriages in 1937, 1932 and 1943. Marsh W. Bailey died intestate leaving assets of substantial value, all of which, excepting the real estate here involved, has been disposed of. The estate was closed in 1931 and the files therein show that said assets were distributed, one third to the widow and one sixth to each of the above named children. No election between dower and use of the homestead for life, sections 561.12 and 636.27, Code, 1954, has been made by the widow, nor notice given to her to so elect, section 636.27, Code, 1954. It is conceded and the trial court so found that the widow has occupied the homestead since the death of Marsh W. Bailey, under the provisions of section 561.11, Code, 1954. It is also conceded that the commencement of the instant action is a disposal of the homestead as provided for in section 561.11.

In May 1953 Ira L. Miksch and A. E. Baldrige, trustees for Dora McClelland, obtained a judgment against Theodore B. Bailey in the sum of $1200, upon which $300 has been paid.

In November 1953 William and Leo Reinert obtained a $123.60 judgment against Theodore B. Bailey and his wife.

In April 1954 Nellie E. Wilson, executrix of the estate of Iva G. Denny, obtained a $3239 judgment against Theodore B. Bailey.

On July 1, 1954, judgment for $2216.67 was entered against Theodore B. Bailey and in favor of Roy Kephart, executor of the estate of Mary Bell Kephart. On the same date said executor obtained a judgment against Theodore B. Bailey and his wife for $9811.29. These two judgments were confessed. At the same time Theodore B. Bailey and his wife conveyed by warranty deed to Roy Kephart, executor, his undivided one-sixth interest in the instant property, and also an additional one-twelfth interest therein, which he may inherit from his mother upon her death. In return for the deed, Kephart, executor, agreed not to commence a partition of said property during the lifetime of the mother, Mary B. Bailey.

This action is brought by two of the said Bailey children and the guardian of the widow, Mary B. Bailey. Defendants are the other two Bailey children, the holders of the judgments and warranty deed, above described, and Washington County, Iowa. The trial court confirmed the shares as one third to the widow and a one sixth to each of said four children. As against Theodore B. Bailey's interest the court established a lien in the county for unpaid personal taxes, followed by liens of the said judgments in the priority in which they were obtained. Partition and sale of the property was ordered. Roy Kephart, executor, has appealed. The question presented is as to priority of appellant's judgments and deed over the other judgment creditors.

I. Appellant asserts the trial court erred in not finding homestead rights and exemption in the widow from date of husband's death until the commencement of this action. Error is also assigned in the failure of the trial court to hold that said judgments did not attach to Theodore B. Bailey's share due to the homestead rights and exemptions of the widow, which exemptions covered the entire fee. We find no merit therein.

It may be conceded that the occupancy of the premises by Mary B. Bailey during the years since her husband's death has been by virtue of the provisions of section 561.11, Code, 1954. However, such occupancy is based upon continued possession and does not involve, or at least is not entirely dependent upon, any certain title. Jackson v. Grant, 224 Iowa 579, 278 N.W. 190; McMinimee v. McMinimee, 238 Iowa 1286, 30 N.W.2d 106; Mensinger v. Hass, 240 Iowa 71, 35 N.W.2d 461. It may be conceded, as contended by appellant, that an owner of an undivided interest in real estate, as a tenant in common, may acquire homestead rights in the property which right is as large as the fee simple estate therein. Thorn v. Thorn, 14 Iowa 49, 81 Am. Dec. 451; Bolton v. Oberne, Hosick & Co., 79 Iowa 278, 44 N.W. 547; Arispe Bank v. Werner, 201 Iowa 484, 207 N.W. 578; Kramer v. Hofmann, 218 Iowa 1269, 257 N.W. 361; Annotation 89 A. L. R. 540. Concede that the trial court might have found such rights and exemptions to be in Mary B. Bailey, but see Benjamin v. Doerscher, 105 Iowa 391, 75 N.W. 330, we are at a loss to see wherein such a finding would aid appellant, who takes through Theodore B. Bailey.

Marsh W. Bailey died intestate and his estate descended as provided by law. Theodore Bailey and his mother were tenants in common of the real estate in question. He inherited title to an undivided share of the real estate (section 636.31, Code, 1954) but this did not carry with it homestead rights, due to the fact that there was a surviving spouse, his mother. See sections 636.7 and 561.18, Code, 1954. It thus follows that the exemptions allowed by section 561.19 are not available to Theodore Bailey, and hence not to appellant. Voris v. West, 180 Iowa 138, 162 N.W. 836; Oskaloosa Nat. Bk. v. Jamison, 205 Iowa 349, 218 N.W. 29; Arispe Bank v. Werner, 201 Iowa 484, 207 N.W. 578.

II. Appellant further contends error in the failure of the trial court to hold that his interest under the warranty deed from Theodore Bailey was superior to the claim of the judgment creditors of said Bailey, *or* that all the judgments attached as liens simultaneous with the commencement of this action, which was a disposal of the homestead under section 561.11.

Section 624.24, Code, 1954, provides judgments attach as liens upon real estate from the date of such rendition. Thus, as between the various judgment creditors, liens attached according to the dates thereof. Appellant however contends that the warranty deed conveyed clear of said liens. This is on the basis of his claim of homestead exemption. Holding as we do that Theodore Bailey had no homestead exemption, it follows that such a contention must fail. Johnson v. Smith, 210 Iowa 591, 231 N.W. 470. Appellant's alternative proposition is that while the homestead exemption existed to the mother, from father's death to the commencement of this action, judgments were not liens and became such only upon the termination of the exemption.

The fallacy of this contention is that under the conceded facts and the court's decree the mother's occupancy was not in lieu of distributive share, but was a temporary one, authorized by statute. Such occupancy, however, carried with it no homestead exemptions from her debts. Peebles v. Bunting, 103 Iowa 489, 73 N.W. 882; Benjamin v. Doerscher, 105 Iowa 391, 75 N.W. 330. It cannot well be contended that Theodore Bailey's exemption rights exceeded those of his mother. As to what rights appellant may have, as against the other lien holders, under the deed as to the expected inheritance from the mother, is not involved. As to the one-sixth interest he inherited from his father, it is abundantly clear that the priority of the judgments as established by the trial court is correct. Being liens upon his share from their rendition dates, the warranty deed, as against the other lien holders, gave appellant no additional rights.

Appellant cites, among other cases, Fordyce v. Hicks, 80 Iowa 272, 45 N.W. 750; Livasy v. State Bank of Redfield, 185 Iowa 442, 170 N.W. 756; and Yoder v. Kalona Savings Bank, 142 Iowa 219, 119 N.W. 147. We do not find these cases to be in point under the instant facts.

Finding no error the decree of the trial court is affirmed.— Affirmed.

All JUSTICES concur.