In Re Estate of Clarence J. Sueppel, deceased (application of Mabel L. Sueppel to set off forty-acre homestead tract).

No. 51091.

(Reported in 124 N.W.2d 154)

October 15, 1963.

Rehearing Denied December 10, 1963.

Sebesta & Kuehnle, of Mechanicsville, for Union Trust & Savings Bank and Farmer's Cooperative Elevator, appellants.

George C. Claassen, of Cedar Rapids, for Mabel L. Sueppel, Lawrence J. Sueppel and Mary Kamerling, appellees.

Carl F. Becker, of Mount Vernon, for temporary administrator, Edward F. Rate, appellee.

R. B. Wolfe, of Mount Vernon, for Frank Dosedlo, d/b/a Vernon Electric, appellee.

HAYS, J.—Clarence J. Sueppel died intestate leaving surviving a spouse, Mabel J. Sueppel, and two children as his sole heirs-at-law. He was seized of a ninety-four-acre tract of land upon which he and his wife resided at the time of his death. Application was made to the probate court by the surviving spouse to set off to her as a homestead free of decedent's debts, a forty-acre tract therein. His two heirs-at-law joined therein and also asked that their interest therein be likewise declared to be free of decedent's debts. Over objections of claimants against the estate the trial court granted such application. Thus this appeal.

I. Appellants contend no homestead right, other than in the house on the forty acres, existed at the time of decedent's death since the farm land was rented on a crop-share basis. The trial court held otherwise and ruled that the fact of such rental was not an abandonment of the homestead rights in the farm land. We agree. Hatter v. Icenbice, 207 Iowa 702, 223 N.W. 527; Olsen v. Lohman, 234 Iowa 580, 13 N.W.2d 332.

II. It is further contended that the court erred in granting the homestead exemption to the interest of the two children.

Decedent died intestate. Under sections 636.5 and 636.31, Code of Iowa, the surviving spouse took a one-third share

of the real estate and the two children each a one third. Section 561.12 authorizes the surviving spouse to elect to occupy the homestead for life in lieu of her one-third distributive share, which election was made in the instant case. Thus the two children each had a one-half interest in the land subject to the life estate in the survivor in the forty acres set off as a homestead.

Section 561.16 provides "The homestead of every family, whether owned by the husband or wife, is exempt from judicial sale, where there is no special declaration of statute to the contrary, * * *."

Section 561.21 provides under what circumstances the homestead may be sold to pay debts. Nowhere therein is there any provision which would authorize the sale of this homestead to satisfy the debts of decedent. Paragraph 4 of said section 561.21 does provide that if there is no survivor or issue the homestead may be sold for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead. Here there survive both a spouse and issue. Reading sections 561.16, 561.21 and 561.12, all supra, together, it necessarily must follow that it is the homestead tract that is exempt, under conditions here prevailing, and attaches both to the life estate and to the fee. Johnson v. Gaylord, 41 Iowa 362; In re Estate of Guthrie, 183 Iowa 851, 167 N.W. 604; Southwick v. Strong, 218 Iowa 435, 225 N.W. 523; Long v. Northup, 225 Iowa 132, 279 N.W. 104, 116 A. L. R. 1475; In re Estate of Frentress, 249 Iowa 783, 89 N.W.2d 376.

Appellants cite and rely upon sections 561.18 and 561.19 and Gardner v. Bailey, 248 Iowa 1341, 85 N.W.2d 586. The cited sections and case deal with a situation where there is no surviving spouse, and debts from which exemption was claimed in the cited case were those of the issue, not the decedent, as is the instant situation. The trial court correctly extended the exemption to both the interest of the surviving spouse and of the heirs-at-law.

III. Error is alleged in the including in the homestead exemption of certain buildings. The trial court included in the homestead a barn; a corncrib and machine shed; a 12' by 14' feed house; and three farrowing houses, it being stipulated that each of the four units was valued at more than $300.

Section 561.1 defines a homestead as: "The homestead must embrace the house used as a home by the owner * * *. It may contain one or more contiguous lots or tracts of land, with the building and other appurtenances thereon, habitually and in good faith used as part of the same homestead."

Section 561.2 states: "If within a city * * * it must not exceed one-half acre in extent, otherwise it must not contain in the aggregate more than forty acres, but if, in either case, its value is less than five hundred dollars, it may be enlarged until it reaches that amount."

Section 561.3 provides: "It must not embrace more than one dwelling house, or any other buildings except such as are properly appurtenant thereto, but a shop or other building situated thereon, actually used and occupied by the owner in the prosecution of his ordinary business, and not exceeding three hundred dollars in value, is appurtenant thereto."

Appellants, based upon the stipulation as to value and in the light of section 561.3, contend that the buildings, listed above in the stipulation, are subject to decedent's debts. This presents a new and rather novel question. They cite in support thereof section 561.3, supra, and Johnson v. Moser, 66 Iowa 536, 24 N.W. 32. While the cited case deals with a factual question entirely different from the instant case and is not in point, it also has been repudiated by this court. See Olsen v. Lohman, supra, 234 Iowa 580, 592, 13 N.W.2d 332.

 It will be noted that section 561.1 states: "* * * tracts of land, with the building and other appurtenances thereon, habitually and in good faith used as part of the same homestead." "Building" as used therein can only refer to the house occupied by the family. "Appurtenance", according to Black's Law Dictionary, 4th ed., means "That which belongs to something else; something annexed to another thing more worthy as principal, and which passes as incident to it." A thing is "appurtenant" to something else only when it stands in relation of an incident to a principal and is necessarily connected with the use and enjoyment of the latter. Catterall v. Pulis, 137 Okla. 86, 278 P. 292, 294. Webster defines it as "annexed or belonging legally to some more important thing." Under these definitions

of appurtenance there can be no question but that the barn, sheds and farrowing houses must be deemed as appurtenant to the use of the farm, forty acres, as a homestead, and pass with the land free of the owner's debts, unless section 561.3 places a value limitation thereon. Section 561.3 provides for the house and other buildings properly appurtenant thereto as being embraced in the homestead and further provides that a shop or other building situated thereon (homestead) actually used by the owner in the prosecution of his ordinary business of a value not to exceed three hundred dollars is appurtenant to the homestead.

It will be noted that section 561.1 requires that the appurtenances must be such as are habitually and in good faith used as a part of the homestead. Section 561.3 refers, in addition to buildings properly appurtenant to the homestead, to a building, though located on the homestead tract, which is used by the owner in the prosecution of his ordinary business, as contrasted with use as a part of the homestead. It specifically makes such building appurtenant to the homestead, where otherwise it clearly would not be and places a three-hundred-dollar valuation allowance thereon. We have no such a situation here and hold that the three-hundred-dollar valuation limitation in section 561.3 does not apply where the buildings etc. in question are clearly appurtenant to the homestead.

Other errors are assigned but in which we find no merit. There being no error, the order of the trial court is affirmed.—Affirmed.

All JUSTICES concur.