## UNITED WAREHOUSING CORP., Appellee,

v.

## INTERSTATE ACRES LIMITED PARTNERSHIP, Appellant.

No. 89-1293.

Court of Appeals of Iowa.

April 24, 1990.

Thomas J. Levis and Mary Carr of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for appellant.

Michael J. Green, West Des Moines, for appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

PER CURIAM.

On July 1, 1986, United Warehousing Corp. (United) took possession of a portion of a warehouse leased to it by Interstate Acres Limited Partnership (Interstate). Interstate drafted the lease agreement. Paragraph 7(a) of the lease provides that United shall pay for utilities, including water, "which may be used in or upon the demised premises."

The warehouse is serviced by two water meters. The parties stipulated one meter serves the warehouse building and the other meter serves outside water usage to irrigate the landscaping elements on the real property. Defendant's intention in having two water meters is so no sewer charges are levied on the exterior water use.

Not until four months into the lease did Interstate present United with water bills for a portion of the outside water use. United has refused to pay these bills, claiming it has no obligation under the lease to do so.

In March 1988 United filed a petition for declaratory judgment seeking a determination that it was not responsible for a proportionate share of the outside water costs. The district court first noted the lease was unclear as to whether the contract required United to pay for outside water usage. The court concluded a reasonable interpre-

tation of the circumstances and the lease indicated United had not assumed a contractual obligation to pay for the outside water bill. The court ordered United need not pay a proportionate charge for outside water usage.

Interstate has appealed. It contends no ambiguity existed in the lease agreement and the lease required United to pay a proportionate share of the outside water bills. Each party concedes our scope of review in this action is de novo.

■ At issue is whether the lease agreement requires United to pay a portion of the cost of water used outside the warehouse.[1] The lease specifies the tenant is to pay all charges for all utilities (including water) which may be used "in or upon the demised premises."

The lease provides the demised premises are to be used only for public warehousing. In describing the demised premises, the lease refers to "a portion of the warehouse building located at 4321 N.W. 112th Street ... with the improvements thereon and all rights, easements, and appurtenances thereto belonging, which, more particularly, includes the space and premises as may be shown on 'Exhibit A.'" "Exhibit A" consists of a sketch of the exterior and interior of the property, and it has a large "X" marking the center portion of the warehouse building.

The lease also states one should see the addendum to the lease for a description of the premises. The addendum, in a paragraph captioned "Space" states, "Tenant hereby rents and leases from landlord ... warehouse space located in the building described in paragraph 1 above. The premises shall initially consist of 55,000 square feet as shown on Exhibit A." The addendum further specifies there shall be no outside storage at the demised premises.

From our review of the lease agreement, we cannot conclude the grass landscaped area was included within the premises demised to United. As the water used for landscaping was not used "in or upon the demised premises," United has no obligation to pay for the outside water bills.

■ The object of a court in interpreting an agreement is to ascertain the meaning and intention of the parties as expressed in the language used. *Gendler Stone Products Co. v. Laub*, 179 N.W.2d 628, 630 (Iowa 1970). Rules of construction are applicable only where the words are susceptible to interpretation and may reasonably be given more than one meaning. *Baron v. Crossroads Center of Iowa, Inc.*, 165 N.W.2d 745, 750 (Iowa 1969). Provisions of doubtful meaning are construed against a lessor who drafted the lease. *See Sears, Roebuck and Company v. Poling*, 248 Iowa 582, 588, 81 N.W.2d 462, 465 (1957). The fighting issue in this matter is whether the lease term "demised premises" includes the grass landscaping.

The description of the demised premises, including Exhibit A, suggests the premises included 55,000 square feet of interior space and the rights, easements, and appurtenances thereto. "Appurtenances" stand in the relation of an incident to a principal and are necessarily connected with the use and enjoyment of the latter. *In re Sueppel's Estate*, 255 Iowa 974, 977, 124 N.W.2d 154, 157 (1963). *See also* 51C C.J.S. *Landlord & Tenant* § 293 (1968) (appurtenance to demised premises is that which is reasonably essential to its enjoyment).

While the driveway, parking, and loading areas may constitute appurtenances to, and thus part of, the demised premises, the grass landscaping cannot reasonably be construed to be reasonably essential to the use and enjoyment of the leased space. The lease limited the use of the premises to public warehousing and it specifically prohibited outside storage. The landscaping does not constitute a part of the demised premises, and the trial court correctly ruled United was not contractually liable for the outside water bills.

AFFIRMED.

---

1. The utility bills are divided among the various warehouse tenants. United leased 55,000 square feet of the 150,000 square feet contained in the warehouse.

HAYDEN and SACKETT, JJ., concur.

DONIELSON, P.J., dissents.

DONIELSON, Presiding Judge (dissenting).

I vigorously dissent. Lawyers all too often "split hairs" in their legal interpretation of documents and words. I much prefer to use the general, ordinary, and common meaning of words without any strain or violence to the common understanding of what those words mean. The Offer to Lease executed by both parties provides clear and unequivocal wording in my judgment. It states both in the Offer to Lease form and in the addendum that the tenant pays all utilities (Exhibit A). "All utilities" means all utilities, and we would be hard put to read into it that water (inside and out) was not an essential part of all utilities.

The actual lease (Exhibit B) specifically designates that the tenant is to pay "all charges" for certain utilities including water. I do not believe the catch-all phrase which refers to "utilities ... used in or upon the demised premises" is a limiting phrase which affects United's obligation to pay all charges for water, including the charges for outside water usage.[1]

It is my view that this lease is not appreciably different than when a person rents a single-family residence, you rent it at a certain location and you get the yard or portion thereof and you get the utilities in or upon the premises, which means water inside and out. The majority makes this far more complicated than is justifiable, and it makes the Bar form lease more difficult to use. The trial court decision should be reversed.

1. **UTILITIES AND SERVICES.** Tenant during the term of this lease, shall pay, before delinquency, all charges for use of telephone, water, sewer, gas, heat (if heating is Tenant's responsibility), electricity power, air conditioning (if air conditioning is the Tenant's responsibility), garbage disposal, trash disposal and not limited by the foregoing all other utilities and services of whatever kind and nature which may be used in or upon the demised premises.